PETERS TRUST COMPANY, TRUSTEE, APPELLEE, V. FRED H. HECHT ET AL., APPELLEES: PETERS TRUST COMPANY, APPELLANT.

FILED APRIL 19, 1929. No. 26606.

T. B. *Dysart,* for appellant.

L. H. *Cheney, Cordeal, Colfer & Russell* and *Butler & James, contra.*

Heard before Goss, C. J., Good, Thompson, Eberly and Day, JJ., and Lightner and Redick, District Judges.

Goss, C. J.

This is an appeal in equity by Peters Trust Company, one of the defendants in a mortgage foreclosure. It is aggrieved by a decree giving it judgment for less than it claimed on a second mortgage.

On June 5, 1923, Fred H. Hecht and Edna A. Hecht, husband and wife, executed and delivered two mortgages on their farm lands to Peters Trust Company of Omaha. The first mortgage was to secure a note for $12,000, due in 10 years, with interest at 6 per cent. per annum, payable semiannually on the first day of July and of January in each year, according to 20 interest coupon notes for $360 each. The second mortgage was to secure a note for $1,200, payable in 20 instalments of $60 each on the same due dates as the notes secured by the first mortgage. All the notes were executed by the mortgagors and all provided for acceleration of maturity on default and for 10 per cent. interest after maturity. On August 14, 1923, Peters Trust Company duly sold and assigned the first mortgage for $12,000 and notes secured thereby to Peters Trust Company, trustee for trust certificates, series A-8, but continued to hold the second mortgage.

The makers paid the first five coupon notes for $360 each

on the first mortgage and the first five instalments of $60 each due on the $1,200 mortgage. On default of further payments, Peters Trust Company, trustee, began foreclosure of the first mortgage, making Peters Trust Company a defendant, along with other proper defendants. Peters Trust Company answered and by cross-petition set up its claim for a balance of $900 due on its $1,200 note and for 10 per cent. interest after maturity on the two instalments then past due and for like interest on the remainder of the balance matured by the acceleration feature.

The makers of the notes and mortgage pleaded that Peters Trust Company, trustee, and Peters Trust Company are one and the same, and that the $1,200 mortgage "was executed to the Peters Trust as a purported commission" charged by Peters Trust Company for securing the $12,000 loan, but was in fact a scheme to exact interest in addition to that provided by the first mortgage and notes, and that the contract was usurious. In their answer to the cross-petition of Peters Trust Company, the makers charged that the $1,200 note and mortgage were wholly without consideration. The reply of plaintiff and of Peters Trust Company denied each and every allegation pleaded by the makers except as specifically pleaded or admitted by plaintiff's petition or by the answer and cross-petition of Peters Trust Company.

The decree in the district court gave the Peters Trust Company, trustee, as plaintiff, a lien for a satsifactory amount on the first mortgage. It has not appealed. The decree found that the contract was not usurious. The decree also found that there was due and unpaid to Peters Trust Company the two instalments of $60 each, maturing respectively July 1, 1926, and January 1, 1927 (on the $1,200 note), and entered judgment for Peters Trust Company, cross-petitioner, for $127.66, being for the past-due instalments with interest to the date of the decree.

We discover no specific findings in the decree as to whether the court found that the $1,200 note and mortgage were given as a commission for securing and serving a loan evidenced by the first mortgage and notes for $12,000, or

whether the second mortgage was given to secure an additional rate of interest on the loan.

The evidence as to what was the actual consideration for the $1,200 note and mortgage is very unsatisfying. Indeed, after the introduction in evidence, without objection, of the notes and mortgages held by the various parties, the rest of the bill of exceptions consists of a little over two pages of colloquy. The counsel for the defendants who were the makers of the mortgage stated that it "represents a commission;" and then, answering a question from the court as to the basis of the commission, said: "Upon the agreement, I suppose, to pay 7 per cent. interest on the first mortgage." Thereupon counsel for Peters Trust Company said "six per cent. and a mortgage." The argument in appellant's brief proceeds upon the basis that the mortgage was given to secure an agreed "commission" for making the loan and that, instead of being paid in cash, the commission was to be paid in instalments.

We may conclude, from the trial court's allowance of only the instalments past due, that the court took the view that the second mortgage merely evidenced additional interest of 1 per cent. per annum as compensation on the first mortgage loan. Appellant did not prove what is meant by a commission mortgage. We cannot infer that it means that any actual money passed from the lender to the borrower as the consideration for the second mortgage, but we think the inference is that it was an additional sum the borrower contracted to pay to the lender by reason of the $12,000 in money actually loaned to the borrower and evidenced by the note for that amount secured by the first mortgage. It was therefore intended by both parties either that it should be paid to compensate the lender for the use of the $12,000 or else for some other service rendered or to be rendered by the lender to the borrower. The evidence utterly fails to show any explanation of the nature of that service. There is in evidence no application, written or otherwise, by which Peters Trust Company is made a broker or agent to secure a loan of money for the borrower and to be compensated for such service.

Both mortgages were made in favor of Peters Trust Company. Not until more than two months later did it assign its first mortgage to Peters Trust Company, trustee.

The facts in this case do not bring it within the rule that might be asserted by appellant with more legal force and sanction if Peters Trust Company had been constituted an agent or broker for the mortgagor and had rendered service to him in securing a loan from some third party. But here the Peters Trust Company was, so far as the evidence shows, lending its own money. It took a first mortgage for the full amount of the money it loaned the borrower and it took a second mortgage for the amount of $1,200, not representing money loaned but now claimed by it as a commission.

Interest is the compensation agreed upon or allowed by law, not exceeding 10 per cent., upon any loan or forbearance of money, goods or things in action. Comp. St. 1922, sec. 2834; 15 R. C. L. 4, sec. 3; 33 C. J. 178, sec. 1; 4 Words and Phrases, 3706.

Under the facts proved and heretofore stated, the only consideration between the borrower and lender was the $12,000 in money. The trial court allowed the full interest thereon as set forth in the contract evidenced by the notes secured by the first mortgage, and, in addition thereto, allowed appellant 1 per cent. per annum on that principal sum as if included in the instalments coming due on the note secured by the second mortgage up to the date of default. We are of the opinion that, in the particular circumstances, the appellant cannot have legal grounds for reversal on appeal by reason of the judgment and decree. We desire it to be understood that we are expressing no opinion upon the effect of contracts arising out of other states of facts between borrower and lender than those here considered, whether arising upon so-called commission mortgages or otherwise.

For the reasons stated, the judgment of the district court is

AFFIRMED.