EVELYN MAY SNOW, APPELLEE AND CROSS-APPELLANT, V. DEWEY BERDET SNOW, APPELLANT AND CROSS-APPELLEE.

211 N. W. 2d 719

Filed October 26, 1973.   No. 38919.

Mitchell & Beatty, Larry R. Demerath, and Timothy D. Whitty, for appellant.

Norman E. Stephens and Brian F. Beckner, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This appeal arises from an action for the dissolution of marriage. The only issues on appeal are the appropriateness of the award for alimony and the division of property. The defendant husband appeals and the plaintiff cross-appeals.

The trial court awarded the wife real property having a stipulated value of $41,600; $8,000 in cash payable $250 per month beginning January 1, 1973; and alimony of $100 a month payable monthly beginning January 1,

1976, until death of either of the parties or the remarriage of the plaintiff. The plaintiff was also awarded household goods of the value of $1,500; an automobile, subject to any obligation arising out of the purchase; and bank accounts and stocks which she now has in her own name. The trial court awarded the husband livestock, feed, and farm machinery of the value of approximately $77,000, and farmland of the approximate value of $52,000; directed him to pay encumbrances and debts of about $47,000; and charged him with costs of $3,563.27.

The defendant does not challenge the fairness of the amounts of the property division, but does challenge the award of alimony of $100 per month and argues that he should have either all the farmland and the plaintiff should receive an award of alimony in gross in lieu of the land allocated to her, or that the allocation of tracts among the parties should be readjusted so that he will have a more unified farm and a better economic unit.

The plaintiff, on her cross-appeal, argues that she should receive a greater share of the property and claims errors in the court's calculations.

Most of the evidence at the trial was directed to the issues of contributions by the parties to the acquisition of the property, charges and counter-charges of concealment of assets, and claims of additional indebtedness. The court made findings against both parties on these issues and no reason exists to disturb these findings. Neither is there any reason to reexamine the court's calculations. It is clear from the decree the court made the awards as it intended and the recital in the decree of certain fractions was specifically stated by the court to be only approximations.

We now examine the contentions of the defendant relative to the allocation of the tracts of farmland. The evidence shows the defendant conducted a cattle raising operation and at the time of trial had on hand 111 cows, 55 yearlings, 84 calves, and 5 bulls. The farmland of

the parties totals approximately 800 acres of which most of one-quarter section, part of that awarded to the defendant, is cropland apparently devoted to raising feed crops. The balance is pastureland. The three tracts, including the cropland, awarded the defendant are separated by substantial distances, 1½ miles and 1 mile respectively. The defendant has under lease from a relative an additional 380 acres, but the duration of this lease is not shown. It is evident that pastureland divided into noncontiguous tracts is at least somewhat less useful and economic than would be the same amount of land in a contiguous tract. This court has frequently said that the court should if possible divide the property in such a manner as to permit the husband to retain the means of paying off any judgment awarded the wife. Martin v. Martin, 188 Neb. 393, 197 N. W. 2d 388; Kula v. Kula, 181 Neb. 531, 149 N. W. 2d 430.

We modify the award to direct that the plaintiff be awarded the north half of the northwest quarter of Section 11, the south half of the southeast quarter of Section 7, and the north half of the northeast quarter of Section 18, hereinafter referred to as tracts (a), in lieu of the northwest quarter of Section 8 and the north half of the southwest quarter of Section 8, which latter tracts are awarded to the defendant. This arrangement will, when taken together with the land which the defendant holds under lease, give him contiguous tracts totaling 760 acres.

As so modified we direct that the defendant be given the option for a period of 180 days from the date of filing of this opinion to pay to the plaintiff alimony in gross in the sum of $41,600. If he elects this option and pays the amount within the time provided, he shall be awarded the land referred to as tracts (a) in the preceding paragraph hereof and the southwest quarter of Section 5.

It is recognized that the defendant, in order to exercise this option, may be required to borrow upon the security of all the land, and that the existence of the

658

judgment of $8,000 payable in installments and the award for child support and for periodic alimony constitute liens against the land which the defendant has or may receive hereunder. The lower court, of course, having jurisdiction both of the res and the parties, may, during the existence of the defendant's option provided for above, make such orders as may be required to subordinate the judgment liens to the liens of any mortgage which the defendant may be called upon to make to exercise his option.

For reasons which we have set forth in Magruder v. Magruder, *ante* p. 573, 209 N. W. 2d 585, we believe that the alimony award of $100 per month beginning January 1, 1976, payable until the death of the parties or the remarriage of the plaintiff, should be modified to provide that it shall in no event continue for a period longer than 121 months.

If the defendant does not, by paying the $41,600 to plaintiff within the time hereinbefore prescribed, elect to exercise the option granted to him, the decree of the lower court is affirmed as otherwise modified.

Each party shall pay his own costs in this court.

AFFIRMED IN PART, AND MODIFIED IN
PART AND REMANDED WITH DIRECTIONS.