ALYCE V. CUMMING, APPELLANT AND CROSS-APPELLEE, v. JAMES H. CUMMING, APPELLEE AND CROSS-APPELLANT.
228 N. W. 2d 296

Filed April 24, 1975. No. 39788.

Walker, Luckey, Whitehead & Sipple, Robert Lloyd Jeffrey, and Michael F. Lee, for appellant.

Sidner, Svoboda, Schilke & Wiseman, for appellee.

Heard before SPENCER, NEWTON, and McCOWN, JJ., HAMILTON, District Judge, and KUNS, Retired District Judge.

McCOWN, J.

This is an action for dissolution of a marriage. The District Court dissolved the marriage, made a property division, and provided for custody and child support. The petitioner wife has appealed and the respondent husband has cross-appealed.

The parties were married on April 17, 1949. Four children were born to the marriage: Cheri Lee, born June 15, 1952; Mary Kathryn, born March 7, 1954; Jamie Van, born February 11, 1957; and Lisa Viola, born January 1, 1960. The two older children were emancipated and living in California at time of trial. The daughter, Jamie, was living with her father and the daughter, Lisa, was living with her mother. At the time of trial the petitioner was 46 years old and the respondent was 44. Neither of them had serious health problems, although petitioner had high blood pressure and was overweight; and respondent had some hernia problems, and had a partially crippled hand.

At the time of the marriage the petitioner had no assets. The respondent owned an automobile and a half interest in a drive-in restaurant in Columbus valued at $4,000 to $5,000. For a time after the marriage the petitioner worked as a bookkeeper. Since 1952, the petitioner has worked at respondent's restaurant only irregularly, although she kept the books for the respondent's business until about 1960. The respondent's restaurant business prospered and expanded and at the time of trial the respondent was engaged in the real estate business, the insurance business, the restaurant business, and operated a farm. For 5 or 6 years prior to trial his taxable income varied from $21,000 to $38,000 per year and averaged approximately $26,000.

The parties had accumulated substantial property during the marriage. Appraisals ranged from approximately $428,000 to $458,000, over $300,000 of which was real estate. Total liabilities were approximately $83,000.

The District Court dissolved the marriage, awarded custody of Jamie to respondent and the custody of Lisa to the petitioner, and directed respondent to pay $250 per month child support for the daughter. The court made a property division between the parties and awarded the petitioner items of real estate which included a 10-acre tract upon which the residence of the parties was located and in which petitioner was living; a rental home and farm buildings; and adjacent farm land, all of which totaled approximately 80 acres. The petitioner was awarded all personal property in the residence, the irrigation equipment located on the farm land assigned to her, and two automobiles. The value of this property was approximately $170,000, slightly less than one-half of the $350,000 net value of all the property of the parties. The court awarded to the respondent the remaining personal property and real estate, which included the restaurant property and a residence property, and directed respondent to pay all the liabilities of approximately $83,000.

The court then directed that petitioner "pay to the Respondent the sum of $37,000.00; that this sum may be paid in whole or in part at any time, provided that the entire sum be paid not later than such time as Petitioner receives $60,000.00 or more in whole or partial distribution of her share of the estate of Marian Van Berg, deceased. Interest shall accrue on the unpaid balance at the rate of eight percent (8%) per annum from the date of the Decree." The respondent was directed to pay specified attorney's fees and costs.

The petitioner contends that the property division is inequitable and insufficient and that the $37,000 payment by petitioner to respondent improperly takes into

account the inheritance which petitioner was to receive from her father's estate.

The record establishes the District Court determined that respondent's long hard work and frugal habits had been the principal factor in the accumulation of the property of the parties, and that petitioner's contribution to the acquisition and enhancement of those properties was relatively small by comparison. The court also determined that a proper division of property would be approximately 63 percent to the respondent and 37 percent to the petitioner. The total value of the property for purposes of such division as determined by the court was approximately $350,000. The court attempted to assign income-producing real estate to the petitioner aside from her residence, but such property was not appropriate for fractional division. The court also determined that sale of some of such property might not be necessary in view of petitioner's inheritance from her father's estate. The estimated amount of her share of the estate was between $75,000 and $96,000, expected to be distributed in January of 1975. The court therefore provided that the $37,000 payment, which was the amount necessary to bring the property division to the proper level already determined by the court, was to be payable not later than such time as petitioner received $60,000 or more from her father's estate. The evidence establishes that the court did not include petitioner's inheritance from her father in determining an appropriate division of the marital property.

The rules for determining alimony or division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. They are always to be determined by the facts in each case and the courts will consider all pertinent facts in reaching an award that is just and equitable. A judgment of a trial court fixing the amount of alimony or making a distribution of property will not be disturbed on appeal unless good

cause is shown. Schwaninger v. Schwaninger, 192 Neb. 681, 223 N. W. 2d 829.

The court properly considered all the circumstances of the parties and made an appropriate and equitable division of the property. However, the court provided that interest should accrue on the $37,000 to be paid by the petitioner to the respondent, and that the interest would accrue "from the date of the Decree." There is some uncertainty as to whether the word "decree" may have referred to the decree of distribution in the estate of petitioner's father or to the decree in this proceeding. The court apparently awarded interest on the basis of section 45-103, R. R. S. 1943, which provides: "Interest on all decrees and judgments for the payment of money shall be from the date of the rendition thereof at the rate of eight dollars upon each one hundred dollars annually until the same shall be paid; * * *." The provisions of that section refer to judgments or decrees for money which is immediately due and collectible where its nonpayment is a breach of duty on the part of the judgment debtor. See Patterson v. Spelts Lumber Co., 166 Neb. 692, 90 N. W. 2d 283.

In the decree here, although any part or all of the $37,000 *may* be paid at any time, none of it is required to be paid until the petitioner receives the distribution of her share from her father's estate. A court of equity has a reasonable discretion to allow or withhold interest as is reasonable and just, except in cases where interest is recoverable as a matter of right. See Patterson v. Spelts Lumber Co., *supra.*

We therefore determine that interest on the $37,000 payment, or any unpaid balance thereof, from petitioner to respondent shall accrue from the date of the decree of distribution assigning to petitioner her share of the estate of Marian Van Berg, deceased.

Petitioner also contends that the amount of child support is insufficient and that alimony should be awarded to petitioner. The fixing of child support and

alimony rests in the sound discretion of the court and in the absence of an abuse of discretion will not be disturbed on appeal. Broadstone v. Broadstone, 190 Neb. 299, 207 N. W. 2d 682. We find no abuse of discretion here.

Supplemental transcripts in connection with respondent's cross-appeal have been stricken by order of this court and there is no issue for consideration on that cross-appeal.

The judgment of the District Court is modified only with respect to the time of accrual of interest on the cash payment from petitioner to respondent. In all other respects the judgment is affirmed. The petitioner's attorney is allowed a fee of $750 for services in this court.

AFFIRMED AS MODIFIED.