LA DONNA L. HANISCH, APPELLEE AND CROSS-APPELLANT, v. WALTER R. HANISCH, APPELLANT AND CROSS-APPELLEE.
237 N. W. 2d 407

Filed January 15, 1976. No. 40065.

Lyle E. Strom of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler and C. Patrick Shaughnessy, Jr., for Shaughnessy, Shaughnessy & Shaughnessy, for appellant.

John A. Wagoner, for appellee.

Heard before WHITE, C. J., McCOWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

McCOWN, J.

This is an action for dissolution of a marriage. The District Court found the marriage to be irretrievably broken, provided for custody of the minor children, made a division of the real and personal property, including alimony in gross, and assessed costs and attorneys' fees. The husband has appealed. The issues are limited to the property division, including alimony in gross, and the allocation of fees and costs.

Walter and La Donna Hanisch were married in 1954. After a brief residence in California, the parties returned to Nebraska in 1955. Walter engaged in farming with his father and the parties lived on a rented farm. Four children were born to the marriage. The District Court found that both parents were fit and proper persons to have the care and custody of the minor children, and no issues of custody or child support are involved here.

In 1959, the family moved to a farm owned by Walt-

er's parents and referred to in the record as the "home place." The home place consisted of 364 acres, a part of which was irrigated. Thereafter the family lived there and conducted a substantial dairy operation. La-Donna, in addition to her duties as housewife and mother, helped Walter with the dairy operation, with some help from the children. She also did all the bookkeeping. During several years prior to 1971, they were milking an average of 85 to 90 cows. In 1966, Walter's father died. In 1967, his mother conveyed an undivided one-fourth interest in the home place to Walter and La Donna, and conveyed an additional one-fourth interest to the two of them in 1968, 1969, and 1970. At approximately the same time she gave another farm to Walter's brother and his wife in a similar series of gifts. The gifts were made over a period of 4 years to avoid gift taxes.

A farm of approximately 280 acres was purchased by the Hanisches in July of 1971. This land is owned by Hanisch Farms, Inc., and Walter is the sole shareholder. This farm is referred to as the "corporate farm." The farm is partially irrigated and has some pasture land. The land is leased to a tenant for a cash rental of $5,500 per year. There is also a grade A dairy operation on the farm. Hanisch owns and furnishes the cattle and the tenant runs the operation. Hanisch receives one-third of the milk proceeds and one-third of the calves produced.

In 1967, Walter and La Donna purchased a quarter section of land which is referred to in the record as the "lone quarter." It is part dry land and part irrigated. The land is farmed by the same tenant who farmed the corporate farm and the rental is on a share basis.

In addition to the real estate, the parties had personal property valued at approximately $130,000. Cattle and farm machinery constituted more than half of that value, and the personal property also included an equity of approximately $10,000 in a tavern purchased by Walt-

er in 1973. Various debts, including encumbrances on the land, were approximately $120,000.

The District Court found the value of the home place to be $140,000 and the value of the lone quarter to be $60,000, and awarded both of these properties to Walter. The corporate farm was found to have a value of $80,000 and it was awarded to La Donna. La Donna was also awarded personal property in excess of $13,000 consisting of half of the checking account, investment funds, an automobile, and various items of household goods and furniture. The remaining personal property valued at approximately $116,000 was awarded to Walter, and it included the equity in the tavern as well as cattle and farm machinery. In addition, Walter was ordered to pay debts and encumbrances on all the properties in the total amount of approximately $120,000. He was also ordered to pay La Donna the total sum of $45,000 as alimony in gross, payable $5,000 on January 1, 1975, and a like amount on January 1 of each following year until the full sum was paid. The costs of the action, together with $2,500 in attorney's fees for La Donna were taxed to Walter. This appeal followed.

The appellant first contends that the District Court erred in making its determination of the value of the real estate involved and in including the home place in the property subject to division. In connection with the valuation of the real estate, there were four expert witnesses who testified, three on behalf of the wife, and one on behalf of the husband. The valuations of the wife's expert witnesses were essentially accepted by the trial court. We find no basis for disturbing the trial court's findings on the valuation issues. In an appeal from a decree of dissolution of a marriage this court, in reaching its own findings, will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite. Seybold v. Seybold, 191 Neb. 480, 216 N. W. 2d 179.

The contention that the home place should be treated as though the husband had inherited it from his parents, and therefore excluded from consideration as a part of the property to be divided, is unsupported by the record. The evidence is that the gift of the home place to Walter and La Donna was spread over a period of 4 years to avoid gift taxes, and the deeds and gift tax returns establish that fact. On this record there is no issue as to inherited property and the court properly included the home place in making an equitable adjustment of the property rights of the parties.

The husband also contends that the action of the trial court in assigning the corporate farm to the wife interfered with the operation of an economic unit, and endangered the ability of the husband to fulfill the obligations for payments imposed upon him by the decree. The record shows that operation of a grade A dairy unit on the home place had been terminated before trial and that the dairy barn on that land would need extensive modifications before it could again be used for a grade A dairy operation. The only grade A dairy operation being carried on at the time of trial was by Walter and the tenant on the corporate farm. All the cattle, valued at approximately $38,000, were assigned to Walter by the decree but the corporate farm upon which the only dairy operation was being conducted was assigned to La Donna. Income tax returns of Walter and La Donna for the 6 years ending with 1972, showed an average adjusted gross income of approximately $9,900 per year. For the calendar year 1972, the net income from the corporate farm operation was $4,178, while the total adjusted gross income of Walter and La Donna for that year was only $6,509.30.

The decree of the District Court requires Walter to pay total debts and encumbrances of approximately $120,000, and those debts include encumbrances on both the corporate farm and the lone quarter. In addition, the decree requires the payment by Walter to La Donna

of alimony in gross of $45,000, payable $5,000 on January 1, 1975, and a like amount on the 1st day of January of each year thereafter until fully paid. This court has frequently held that in an action for dissolution of marriage, the property should be divided, if possible, in such manner as to permit the husband to retain the means for payment of any judgment awarded to the wife. See Snow v. Snow, 190 Neb. 655, 211 N. W. 2d 719.

The rules for determining alimony or division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. They are to be determined by the facts in each case and the courts will consider all pertinent facts in reaching an award that is just and equitable. Cumming v. Cumming, 193 Neb. 601, 228 N. W. 2d 296.

Under the facts in this case we believe it necessary to assign the corporate farm to Walter to provide a more efficient economic unit for payment of the awards required by the decree; and that the lone quarter then be assigned to La Donna. Except for that modification, the decree of the District Court is affirmed. The appellee is allowed the sum of $1,000 for services of her attorney in this court.

AFFIRMED AS MODIFIED.