JOHN HUPKE, APPELLEE, V. MARVA JOY HUPKE, APPELLANT.
238 N. W. 2d 229

Filed February 5, 1976. No. 39947.

George H. Moyer, Jr., of Moyer & Moyer, for appellant.

Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.
This is an action for dissolution of a marriage. The

District Court found the marriage to be irretrievably broken, made a property division, awarded custody of the two children to the wife, and set the child support to be paid by the husband at $125 per month per child. The wife has appealed.

The parties were married on November 13, 1972, and separated in January of 1974. The petition here was filed in the District Court on April 10, 1974, and decree was entered on November 8, 1974. Two children are involved. Chad Michael is a son of the wife by a previous marriage. He was born October 20, 1971, and was adopted by the husband in this action. Jill Kathryn was the daughter of the parties born May 18, 1974.

The principal issues here are financial, involving the property division and child support amounts. At the time of the hearing in November of 1974, the total gross value of the marital property was approximately $4,600, of which approximately $3,100 was the equity in a house they were purchasing on contract, against which foreclosure proceedings had been commenced. The remaining $1,500 was personal property consisting principally of the husband's car, valued at $1,200. Debts of the parties totaled $2,378.51, $1,456.51 of which was owed to a finance company.

The husband was employed by the Nebraska Harvestore Company. He worked an average of 55 hours per week with overtime after 40 hours, and after required deductions, his approximate net weekly take-home pay was $165, or a little more than $650 a month. The parties' income tax return for 1973 showed a total adjusted gross income of $7,530, all from wages or salaries. The wife, prior to marriage, had worked for the telephone company as an operator, but at the time of trial she was earning $35 to $40 per week babysitting.

The court attempted to divide the property equally between the parties, after allowance to the wife of $1,400 and $300 to the husband for property brought into the marriage by each. The court awarded to the hus-

band his personal property and the automobile, subject to the payment of half of the $1,456.51 due to the finance company. The wife was awarded all personal property in her possession, including all household goods; income tax refunds of approximately $125; and the equity in the house, subject to any encumbrances. The court directed her to pay the remaining indebtedness, except for the half of the finance company debt to be paid by the husband.

The husband was also directed to pay child support in the sum of $250 per month, $125 for each child. The court also directed the husband to pay costs and a partial attorney's fee of $150 for the wife, and, exclusive of that amount, the parties were directed to pay their own attorney's fees.

Affidavits of record establish that after the entry of the decree the parties executed a deed to the property to the wife's parents without consideration. The wife presently resides in the house and is paying monthly rental to her parents. We are uncertain as to the inferences or implications raised by these facts, but in any case, they occurred subsequent to the decree.

The District Court meticulously evaluated the property involved, as well as the respective circumstances of the parties. At the time of the decree the parties were 28 and 27 years of age respectively. The marriage had lasted less than 2 years and the debts incurred were almost equal to the total value of the property. The court attempted to allow to each of the parties their respective contributions at the inception of the marriage, and to divide the remaining property and debts equally. That task here was a difficult one.

The rules for making a division of property or in fixing the amount of child support provide no mathematical formula by which such matters can be precisely determined. The judgment of a trial court fixing the amount of child support or making a distribution of property will not be disturbed on appeal in the absence

of an abuse of discretion. Cumming v. Cumming, 193 Neb. 601, 228 N. W. 2d 296. There was no abuse of discretion here.

The judgment is affirmed, the parties to pay their own attorney's fees and costs in this court.

AFFIRMED.