BEVERLY ANN GRADY, APPELLEE, v. GILBERT DEAN GRADY, APPELLANT.

284 N. W. 2d 402

Filed October 16, 1979. No. 42237.

Bauer, Galter, Geier, Flowers & Thompson, for appellant.

Douglas L. Curry of Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry & Gordon, for appellee.

Heard before BOSLAUGH, McCOWN, and BRODKEY, JJ., and RIST and WOLF, District Judges.

WOLF, District Judge.

This is an appeal from a decree of dissolution entered by the District Court for Lancaster County. At the time of the trial in 1978, the parties had been married for 15 years, were 40 and 38 years old, respectively, and had two daughters, Kelly and Brenda, ages 8 and 6. The parties were the sole owners of the corporate stock of six corporations. Flamingo Motel, Inc., was the owner of the Flamingo Motel at El Dorado, Arkansas. Carpenter Enterprises, Inc., was the owner of the White House Inn motel at Bellevue, Nebraska. Sands, Inc., was the lessee of the Sands Inn at Joplin, Missouri. Acme Investments, Inc., was the owner of the West Way Motel at Alliance, Nebraska, and of a Bennet, Ne-

braska, farm. Gil Grady and Associates, Inc., was the owner of rental properties in Lincoln, Nebraska. Mar-And Motel, Inc., was the owner of the Palmer House Motel in Auburn, Nebraska, the B & B Motel in Auburn, Nebraska, and the Thunderbird Motel in Marysville, Kansas. The parties owned a residence in Lincoln, Nebraska, and had various other personal property and debts.

Several other motels were owned by Imperial Investors, Inc., but all of the stock of that corporation was owned by the minor children of the parties and was not considered as marital property by either of the parties to this action.

The District Court awarded the petitioner custody of the two minor children subject to reasonable visitation by the respondent and ordered the respondent to pay as child support $150 per month per child. The court awarded the petitioner all of the stock to Flamingo Motel, Inc., and to Carpenter Enterprises, Inc., but ordered the respondent to pay the Carpenter Enterprises, Inc., notes to the two children, each in the amount of $22,500. The court awarded the petitioner certain household goods, the Lincoln residence subject to a portion of the 1977 real estate taxes, two motor vehicles, and other personal property including her teachers retirement. The court further ordered the respondent to pay petitioner the sum of $15,000, payable at the rate of $500 per month, $3,500 toward her appraiser's fees, and $5,000 toward petitioner's attorney's fees.

The respondent was awarded all of the other property of the marriage and was directed to pay all debts except the corporate debts of Flamingo Motel, Inc., and Carpenter Enterprises, Inc.

The respondent assigns as error: (1) The court erred in its division of property by awarding petitioner substantially more than one-half of the net marital estate; (2) the court erred in awarding Carpenter Enterprises, Inc., and Flamingo Motel, Inc.,

to petitioner; (3) the court erred in making a division of property which would greatly detract from petitioner's ability to give proper care to the two minor children of the parties; (4) the court erred in directing the respondent to pay any portion of petitioner's appraisal fees.

The rules for determining alimony or division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. They are to be determined by the facts in each case and the courts will consider all pertinent facts in reaching an award that is just and equitable, Hanisch v. Hanisch, 195 Neb. 204, 237 N. W. 2d 407.

The fixing of alimony or distribution of property rests in the sound discretion of the District Court and, in the absence of an abuse of discretion, will not be disturbed on appeal. Phillips v. Phillips, 200 Neb. 253, 263 N. W. 2d 447.

In an appeal from a decree of dissolution of marriage, this court, in reaching its own findings, will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite. Blome v. Blome, 201 Neb. 687, 271 N. W. 2d 466.

This court is not inclined to disturb the division of property made by the trial court unless it is patently unfair on the record. Blome v. Blome, *supra.*

The questions of valuation argued by the respondent relate only to the valuation of the corporate motel properties, as all other assets and liabilities were stipulated. Respondent contends that opinions of the petitioner's expert witness, real estate broker and appraiser Donald Linscott, are not entitled to any weight in the determination of the values of motel properties because he had no prior experience in dealing with or appraising motels. We hold that the opinions of Mr. Linscott were correctly received by the court. The weight to be given such opinion evi-

dence, as well as the weight to be given to the opinion evidence offered by respondent's experts, would depend on many factors including their qualifications and experience as well as their business or personal relationship to the parties and any possible bias.

There are no personal findings by the trial court as to the values it placed upon each of the properties of the various corporations, nor were specific findings requested by either party at or prior to the trial. Under such circumstances, this court will review all of the evidence presented to determine whether, under any reasonable interpretation of the evidence and the circumstances of the parties, the division of property was patently unfair.

Based upon the evidence, we find that it would not have been unfair to the respondent for the court to assign the values asserted by the respondent himself in his testimony for the various motel properties which are: Flamingo Motel, $175,000; White House Inn motel, $275,000; Sands Inn (leasehold), $0; West Way Motel, $525,000; Palmer House Motel, $125,000; B & B Motel, $145,000; and Thunderbird Motel, $80,000.

Another dispute between the parties is the valuation for the commission notes held by the respondent and by Gil Grady and Associates, Inc., in the total sum of $384,578.63. Respondent's experts have testified that the market value of such commission notes in the business generally average from 50 to 60 percent of the face amount. For our purposes of comparison we have used the 60 percent figure and valued the notes at $230,747.17.

Much of the confusion could have been avoided in this action had the parties provided the trial court with opinion evidence as to the value of the corporate stock owned by the parties rather than opinion evidence as to the value of the assets owned by the corporations. Further, the record is not clear in one

or two instances whether some of the corporate debt was also the personal liability of one or both of the parties.

Based on the evidence, we feel the trial court would be amply justified in assigning the following values to the property awarded to the petitioner. Flamingo Motel, Inc., has a net deficit position of $10,687.22, leaving a zero balance for the stock. Carpenter Enterprises, Inc., has a net deficit position of $17,107.61, leaving a zero valuation for the stock. Other assets awarded to the petitioner are: Household goods, $2,500; residence, $44,510.80; 1974 Thunderbird, $3,000; 1974 International Travelall, $2,500; one snowmobile, $100; one cobalt board, $1,500; one boat trailer, $250; one camper, $100; government bonds, $225; teachers retirement, $4,000; and a $15,000 judgment, totalling $73,685.80.

Petitioner also received $3,500 toward her appraiser's fees and should be given credit for $10,150 representing a gift from her parents. This makes the net distribution to the petitioner in the amount of $67,035.80.

This court finds that the trial court would be amply justified in the following valuations for property and debts awarded to the respondent. Sands, Inc., has a net deficit position of $28,503.79, leaving a stock valuation of zero. Acme Investments, Inc., has a net asset position of $57,681.58, which would be the valuation of the stock. Gil Grady and Associates, Inc., has a net deficit position of $171,363.76, leaving a zero valuation for the stock. Mar-And Motel, Inc., has a net deficit position of $2,966.35, leaving a zero valuation for the stock.

Other assets awarded to the respondent include: First State Bank account, $2,100.66; First National Bank account, $64.98; IRS check, $505; miscellaneous accounts receivable, $12,321.25; commission notes, $126,469.47; 1975 Chrysler, $1,000; 1976 Ford pickup, $3,500; 1976 Mark IV, $7,200; 1961 Piper Az-

tec airplane, $18,250; furniture trailer, $1,000; one snowmobile, $100; Kingfisher boat, $100; 20-horsepower motor, $100; boat trailer, $50; green trailer, $100; land rover, $100; stocks, $20,773; bonds, $400; certificate of deposit, $3,250, for a subtotal of $175,192.59, or $232,874.17 total assets, including the corporate stock above.

Respondent was ordered to pay the following debts: First State Bank, $18,000; accrued interest, $1,245.48; 1976 real estate tax on residence, $490.68; personal property taxes, $349.62; interest on taxes, $1,250; Omaha Neon, $3,047.55; John Karns Furniture, $2,000; special assessments on residence, $307.53; Carpenter Enterprises, Inc., note to Kelly Grady, $22,500; Carpenter Enterprises, Inc., note to Brenda Grady, $22,500, for total obligations of $71,690.86.

The computation thus shows that the respondent received $161,183.31 in net assets, for which he should be given credit for $51,646 as property owned before marriage, leaving a net of $109,537.31. From such sum he was required to pay $15,000 to the petitioner and $3,500 toward her appraiser's fees, leaving a net distribution to the respondent of $91,037.31.

This court is aware that there is reference in the evidence to a deficiency judgment against the respondent in a Kansas foreclosure action and reference to a guaranty by the petitioner in the sum of $177,000 which may or may not be presently outstanding. The evidence is not sufficient so as to either determine whether such debts are the joint debts of the parties or are included within the unpaid corporate obligations. Therefore, both such amounts are excluded from consideration herein.

The respondent challenges the award of the two corporations, Flamingo Motel, Inc., and Carpenter Enterprises, Inc., to the petitioner on the grounds that the petitioner is not qualified to operate the motels and for the reason that the time she would spend

in taking care of the motels would prevent her from giving proper care to the minor children. The facts in evidence indicate that the petitioner has participated with the respondent in the management of the various motel properties and it is likely that the court awarded such property to the petitioner so as to provide some income to her as she is not otherwise employed. In this case, the respondent has assigned all the values to the assets of the corporations awarded to the petitioner and cannot now complain as to the net result of the distribution.

The evidence further discloses that the petitioner paid her expert witness, Mr. Linscott, the sum of $5,250 to make appraisals of seven different motels located in three states. No evidence was received as to the fair and reasonable value of the appraisal work; however, even in the absence of such evidence, the trial court may, in an equity case, award either party attorney's fees and expenses of litigation. The award does not appear to be unreasonable nor an abuse of discretion. Further, this court has included such award in computing the division of property between the parties and, after comparison, has determined that the award of $3,500 towards petitioner's appraiser's fees does not render the division unfair.

This court therefore holds that the award of net property values and appraiser's fees of $67,035.80 to the petitioner and of $91,037.31 to the respondent does not indicate any abuse of discretion by the trial court and the decree of dissolution should be affirmed.

It is further ordered that the respondent pay the costs in this court together with an allowance of $1,500 toward the petitioner's attorney's fees.

AFFIRMED.