BEVERLY ANN GRADY, APPELLEE, V.
GILBERT DEAN GRADY, APPELLANT.

307 N.W.2d 780

Filed July 2, 1981.   No. 43113.

Bauer, Galter, Geier, Flowers & Thompson for appellant.

Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry & Gordon for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal from an order entered by the District Court for Lancaster County, Nebraska, finding the appellant, Gilbert Dean Grady, to be in contempt of court. The parties to this action were formerly husband and wife, having been divorced on May 12, 1978. The case was appealed to this court and was affirmed here at *Grady v. Grady*, 204 Neb. 595, 284 N.W.2d 402 (1979). Although attempts were made to do so by the appellant, the decree was never superseded. We will not repeat the facts of the case or the details of the decree approved by the trial court except so far as the same are pertinent to this discussion as they are contained in *Grady v. Grady, supra.*

According to the provisions of the decree, the appellee, Beverly Ann Grady, was awarded all the capital stock in two corporations, the principal assets of which were two motels. The businesses operated by the appellant included, among other things, six corporations. In both the principal case and the evidence presented at this hearing, there is considerable evidence that it was the custom and practice of the appellant to regularly transfer comparatively large sums of money between the various corporations as the requirements of those corporations manifested themselves. There was also evidence of substantial purchases made by a principal company of supplies and equipment which in turn were allocated to the various corporations. The bookkeeping practices could only be described as somewhat bizarre, consisting of a yearend reconciliation by a firm of accountants of the various debts and credits that should be accorded to the various corporations for income tax purposes.

In December 1978, 7 months after the decree was

entered, appellee filed a motion for contempt citation against appellant, alleging the terms of the decree with regard to the properties to be transferred to her, and alleging that appellant had failed to release certain liens, as ordered, and that appellant had improperly removed money from those corporations after the entry of the decree, all done willfully, contemptuously, and without just cause. The trial court in its order found three principal grounds for holding the appellant in contempt: (1) In failing to release secondary mortgages against property held by Carpenter Enterprises, Inc., and Flamingo Motels, Inc., the motel corporations that had been awarded to Beverly Ann; (2) In failing to turn over all the assets of those two corporations pursuant to the court's order of May 12, 1978, and a further order of August 7, 1978, and in diverting assets of those corporations without specifically accounting for such withdrawals; and (3) In failing to turn over all assets of the corporations to Beverly Ann Grady as ordered by the court, in that Gilbert Grady caused policies of insurance for said corporations to be canceled where he had no authority to do so, apparently appropriating any returned premium to his own use. The evidence is clear that after the entry of the decree, the appellant, Gilbert Dean Grady, failed and refused to turn over to Beverly Ann the stock certificates in the two corporations until August 1978. From and after the entry of the decree, and even after August 10, 1978, he continued to operate the motels, expending money from various checking accounts, apparently collecting the receipts, and he had not, even at the date of the hearing in June 1979, produced an accounting of those transactions.

There was also evidence that between the date of the submission of the case in January 1978 and May 1978 there were a considerable number of transactions involving those same two motels, including a considerable expenditure of funds which is not accounted for. The

appellant appropriately points out that one cannot be held in contempt of court for acts which became prohibited by a court order entered subsequent to their commission. A contrary ruling would have the effect of an ex post facto law. See *Chicago, B. & Q. R. Co. v. State*, 47 Neb. 549, 66 N.W. 624 (1896). The point is well taken. The trial court's order, insofar as it held the appellant in contempt for removing said sums from the corporations and failing to account for them prior to the entry of the decree, was in error.

Appellant also assigns as error that the trial court was in error in holding that there was evidence sufficient to establish that the appellant's conduct was willful and contumacious. It is clear, insofar as the second and third principal grounds for contempt are concerned, that the appellant's argument is not well taken. On and after May 12, 1978, the appellant was under a continuing obligation to obey the court's order in transferring the stock of the two corporations to the appellee. He did not do so until 3 months later, and, further, continued to improperly divert assets until the time of the hearing. He was guilty of willful contempt. Further, in his actions with respect to all financial transactions involving those corporations on and after the date of the decree, those acts were totally unauthorized and were in willful disobedience to the court's order. The appellant suggests that somehow he may be excused from his actions involving corporations which the court had directed to be transferred to another by saying that this was his usual method of operation. One usually does not operate or remove funds from a corporation that one no longer owns or controls.

As to item three, the evidence is clear that an insurance policy belonging to the company was in fact canceled after the premium had been paid and the proceeds applied to the personal interest of the appellant, Gilbert Grady. This was in open defiance and

disobedience of the trial court's order.

Insofar as the first principal item of the contempt proceedings, in failing to release the secondary mortgages, appellee introduced evidence of the various financial transactions entered into by the appellant. The appellant asserted simply that he could not pay off the secondary mortgages by reason of certain adverse tax consequences resulting from forced sales of heavily mortgaged but highly appreciated real estate, and that he could not release those secondary mortgages because he simply did not have the funds with which to do so. There was no evidence introduced by the appellee which would suggest otherwise. We agree with the appellant that there is not sufficient evidence to show that the appellant had the means with which to discharge the secondary mortgages.

In its order holding the appellant in contempt of court, the trial court sentenced the appellant to a term of 90 days in the county jail of Lancaster County. Any remaining sentence could be suspended by releasing the secondary mortgages against properties owned by Carpenter Enterprises, Inc., and Flamingo Motels, Inc., and by accounting for and returning the assets of Carpenter Enterprises, Inc., and of Flamingo Motels, Inc., which the court found appellant had improperly diverted beginning in December 1977. We modify that order. We affirm the sentence of the trial court, but modify the terms for the appellant to purge himself of contempt by striking as a condition the failure to release secondary mortgages, as appellee did not prove in the trial court that appellant had the capacity or funds to release said mortgages. We further modify by confining the terms of repayment in paragraph two from the date of the decree, May 12, 1978, and by striking from said order any requirement that the appellant be held in contempt for expenditures occurring prior to the date of the decree. By reason of the considerable period that elapsed between the date of submission and the date of the decree, it is

apparent that the evidence on which the trial court based its decision was only partially true at the date the decree was entered. However, this was the responsibility of appellant's counsel. There may exist some appropriate means to modify that decree; we merely state that one cannot be held in contempt for actions which took place in advance of a date when one was under a direction not to commit them.

The appellant suggests on brief and oral argument that the contents of a certain sealed deposition of the appellant's accountant was not read or considered by the trial court. This matter is considered de novo by this court and the contents of the deposition of the accountant are not persuasive. They merely relate to the rather bizarre accounting practices and financial practices, as discussed above, of the appellant's business conduct. There is no direct evidence that a copy of the deposition was not read or that the deposition was not opened and resealed; but, regardless of that fact, there is no persuasive evidence contained therein which would purge the appellant of the contempt of the court's order, essentially of looting corporations that he was under direction to turn over to another.

We have stated that an action to enforce a court order is normally a mere civil contempt and requires the appropriate standard of proof applicable thereto instead of the stricter "proof beyond a reasonable doubt" standard applied to criminal contempts. See *Eliker v. Eliker*, 206 Neb. 764, 295 N.W.2d 268 (1980). This being a civil contempt, we apply the standard of proof applicable in a civil proceeding. However, the contempt of the appellant is so clearly established that it would satisfy even the stricter standard of proof were the same to apply.

The judgment and sentence of the District Court holding the appellant in contempt, as modified, are affirmed.

AFFIRMED AS MODIFIED.