NANCY LEE KULLBOM, APPELLANT, V. TERRENCE L. KULLBOM, APPELLEE.

337 N.W.2d 731

Filed August 12, 1983. No. 82-231.

Warren S. Zweiback and Patricia A. Lamberty of Zweiback, Kasher, Flaherty & DeWitt, P.C., for appellant.

Steven J. Lustgarten, P.C., of Lustgarten & Roberts, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

This case was heard previously in *Kullbom v. Kullbom*, 209 Neb. 145, 306 N.W.2d 844 (1981).

Neb. Rev. Stat. § 45-103 (Cum. Supp. 1982) provides that interest on all decrees and judgments for the payment of money shall be from the date of the rendition thereof at the rate provided for in Neb. Rev. Stat. § 45-104.01 (Cum. Supp. 1982), which, at the present time, is 14 percent per annum.

In the decree in the instant case appellee was ordered to pay $37,566.75 of his pension and profit-sharing trusts to appellant as part of the property division. The appellee was not required to make any part of the $37,566.75 payment until he received a distribution from the trusts and the trial court did not award any interest on the appellant's share of the trusts.

In the case of *Cumming v. Cumming*, 193 Neb. 601, 228 N.W.2d 296 (1975), the respondent was awarded $37,000 from the petitioner's share of her father's estate. The $37,000 payment was necessary to bring the property division to the level determined by the trial court. The payment was to be made "not later than such time as petitioner received $60,000 or more from her father's estate." *Cumming* at 604, 228 N.W.2d at 298. In ordering interest at 8 percent on the payment, this court stated: "In the decree here, although any part or all of the $37,000 *may* be paid at any time, none of it is required to be paid until the petitioner receives the distribution of her share from her father's estate. A court of equity

has a reasonable discretion to allow or withhold interest as is reasonable and just, except in cases where interest is recoverable as a matter of right." *Cumming* at 605, 228 N.W.2d at 299.

We therefore hold that interest on the $37,566.75, or any unpaid balance thereof, from appellee to appellant shall accrue from the date of the December 14, 1979, divorce decree, which was when the District Court should have assigned to appellant her share of appellee's pension and profit-sharing trusts.

REVERSED AND REMANDED WITH DIRECTIONS.

SHANAHAN, J., dissenting.

I respectfully dissent.

We should keep in mind that interest is compensation allowed by law for the use, detention, or forbearance of money or its equivalent. See, *Peters Trust Co., Trustee, v. Hecht*, 118 Neb. 390, 224 N.W. 866 (1929); 45 Am. Jur. 2d *Interest and Usury* § 1 (1969).

In *Kullbom v. Kullbom*, 209 Neb. 145, 306 N.W.2d 844 (1981) (*Kullbom I*), this court determined that the marital estate included Terrence's vested interest in pension and profit-sharing trusts; that Nancy and Terrence were each entitled to one-half of the value of the trusts; and that the trusts had a value of $75,133.25. This court then stated in *Kullbom I*: "We conclude that an equitable division of the marital property requires that Nancy be awarded 50 percent of the stipulated value of the trusts in question, in the amount of $37,566.75. However, since it is obvious that the appellee will not receive the value of such trusts until some unspecified time in the future, we conclude that *he should not be required to pay Nancy the additional sum represented by her share of the trusts until he receives it . . . .*" (Emphasis supplied.) *Id.* at 154, 306 N.W.2d at 849. The decision in *Kullbom I* did not impose on Terrence a present obligation to pay Nancy any specific amount based on the value of the trusts. There was no monetary judgment granted to Nancy. Rather, after de-

termining the value of Nancy's interest, the court in *Kullbom I* imposed a trust on distributions made to Terrence from the pension and profit-sharing trusts. This "fixed percentage" method also preserves Nancy's one-half of any increase attributable to her interest in the trusts. See, *Pinkowski v. Pinkowski*, 67 Wis. 2d 176, 226 N.W.2d 518 (1975); *Bloomer v. Bloomer*, 84 Wis. 2d 124, 267 N.W.2d 235 (1978). In this manner, when there is any distribution to Terrence or his designees, Nancy will be entitled to her proportionate share of any distribution from the trusts.

The majority relies on *Cumming v. Cumming*, 193 Neb. 601, 228 N.W.2d 296 (1975), for support of its action. In *Cumming* the petitioner was entitled to a share in her deceased father's estate. The decree of dissolution required the petitioner to pay her husband $37,000 when the petitioner's distributive share was assigned from her father's estate. This court in *Cumming* held: "[I]nterest on the $37,000 payment, or any unpaid balance thereof, from petitioner to respondent *shall accrue from the date of the decree of distribution assigning to petitioner her share of [her father's estate]*." (Emphasis supplied.) *Id.* at 605, 228 N.W.2d at 299. The situation in *Cumming* is no different from *Kullbom I*, because both cases involve assessment of interest on distributions receivable at an unspecified time in the future.

Assessing interest from the date of the decree of dissolution in *Kullbom I* may deprive Nancy of interest earned by the trusts at a rate greater than the statutory rate borne by judgments. Equity would better be served by the assessment of interest at the statutory rate from the date when Nancy is entitled to receive her proportionate share of any distribution from the trusts. With the problems created by the assessment of interest in *Kullbom II*, *Kullbom III* is a possibility.

KRIVOSHA, C.J., joins in this dissent.