SHARON L. DAVIS, APPELLEE, V. LOUIS F. DAVIS, JR., APPELLANT.
578 N.W.2d 907

Filed May 19, 1998.   No. A-97-698.

Howard Fredrick Hahn and Alison L. McGinn, of Gross & Welch, P.C., and Steven J. Lustgarten, of Lustgarten and Roberts, for appellant.

Jeffrey B. Farnham and James T. Gleason, of Stalnaker, Becker, Buresh, Gleason & Farnham, P.C., for appellee.

MILLER-LERMAN, Chief Judge, and HANNON and IRWIN, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Louis F. Davis, Jr., appeals from an order of the district court modifying the dissolution decree which dissolved his marriage to Sharon L. Davis. Louis and Sharon both sought modification of the visitation provisions of the decree. On appeal, Louis challenges the new visitation order, the court's ruling denying Louis' motion to withdraw rest, and the fees awarded to Sharon by the court. For the reasons stated herein, we affirm in part, and in part reverse and remand with directions.

## II. BACKGROUND

Louis and Sharon's marriage was dissolved on June 16, 1994. Pursuant to the dissolution decree, Sharon received custody of the parties' one minor child, Kelly. Louis was granted visitation rights. On January 31, 1996, Louis filed an amended petition to modify the decree. Louis alleged inflexibility by Sharon concerning the visitation order and sought to have the visitation

order modified. Sharon filed a response and a cross-application to modify, also seeking to have the visitation order modified.

A hearing was conducted on the parties' applications for modification January 21 through 23, 1997. Each party called a psychologist to recommend an appropriate visitation schedule. In addition, Sharon called Dr. Jack Stark, who is Kelly's treating psychologist, to testify as to the effect the proposed visitation schedules would have on Kelly. At the conclusion of the hearing, the court modified the visitation order and entered a new order substantially in conformance with the recommendations of Sharon's psychologist.

On May 27, 1997, a hearing was held on Louis' motion to withdraw rest and on Sharon's application to have Louis pay her attorney and expert witness fees. Louis sought to withdraw his rest and have a continuance to prepare additional evidence, alleging that there was evidence that Dr. Stark provided untruthful testimony during the hearing and that there was evidence that Sharon had consulted with additional experts who had not been properly disclosed during discovery. After receiving affidavits in favor and in opposition to the motion, the court denied Louis' motion. After hearing testimony on Sharon's application for fees, the court awarded her $47,558.76 of her attorney fees and $6,480 of Dr. Stark's fee. The court denied Sharon's request to have Louis pay the fees of Dr. Stark's personal attorney who was present with Dr. Stark throughout the proceedings. Louis filed this timely appeal.

## III. ASSIGNMENTS OF ERROR

On appeal, Louis has assigned four errors. First, Louis asserts that the district court abused its discretion in modifying the visitation order in the manner in which it did. Second, Louis asserts that the district court erred in denying his motion to withdraw rest. Third, Louis asserts that the district court erred in awarding fees for Dr. Stark. Finally, Louis asserts that the district court erred in awarding Sharon attorney fees.

## IV. ANALYSIS

### 1. MODIFICATION OF VISITATION

At the hearing on the parties' applications for modification, each party called a psychologist to testify and make recommen-

dations for an appropriate visitation order. Dr. Cynthia Topf testified on behalf of Louis and made a recommendation. Dr. Robert Townsend testified on behalf of Sharon and made a recommendation. The court entered a visitation order which was substantially in conformance with Dr. Townsend's recommendation.

Modification of dissolution decrees and child visitation orders are matters initially entrusted to the discretion of the trial court, whose decisions are to be reviewed on appeal de novo on the record and will be affirmed absent an abuse of discretion. *Smith-Helstrom v. Yonker,* 253 Neb. 189, 569 N.W.2d 243 (1997); *Palmer v. Palmer,* 249 Neb. 814, 545 N.W.2d 751 (1996). A judicial abuse of discretion requires that the reasons or rulings of a trial judge be clearly untenable, unfairly depriving a litigant of a substantial right and a just result. *Davidson v. Davidson,* 254 Neb. 357, 576 N.W.2d 779 (1998). In conducting a de novo review, an appellate court reaches a conclusion independent of the trial court, but where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Smith-Helstrom v. Yonker, supra.* The primary consideration in all visitation disputes is the best interests of the child, and the child's best interests surpass considerations of strictly legal rights of the parents. *In re Interest of Teela H.,* 4 Neb. App. 608, 547 N.W.2d 512 (1996). See, also, Neb. Rev. Stat. § 42-364 (Cum. Supp. 1994).

In the present case, the parties stipulated that a material change of circumstances had occurred and that there was a need for modification. Although we do not comment on the propriety of such a stipulation, we do note that the only issue raised on appeal in this assignment of error is whether the court abused its discretion in entering the modification order and in finding that Kelly's best interests would be served by the order.

According to the record, subsequent to the original visitation order, Kelly began school. It is apparent that the court had concerns about the potential impact on Kelly of Louis' having extended visitation periods of several days at a time during the school year and whether such visitation would disrupt Kelly's

routine and be detrimental to her education. Dr. Topf testified that Kelly would not suffer any problems from such extended visitation, but Dr. Townsend suggested that such extended visitation would be detrimental to Kelly. Accordingly, Dr. Townsend recommended making the extended visitation periods entirely during the summer or other vacation periods.

Dr. Townsend testified and recommended essentially the visitation schedule that the district court entered. On the record before us, we cannot conclude that the district court abused its discretion in modifying the decree and entering the new visitation order in this case. This assigned error is without merit.

### 2. MOTION TO WITHDRAW REST

After the conclusion of the hearing, Louis filed a motion to withdraw rest and to have a continuance. Louis' motion was based on two allegations. First, Louis alleged that Dr. Stark was untruthful in testifying that he had conducted no psychological tests on Kelly. Specifically, Louis alleged that fee requests submitted by Sharon included an itemized statement of Dr. Stark's bill, which included time for " '[p]sychological testing . . .' " despite Dr. Stark's specific testimony at the hearing that he performed no psychological testing on Kelly. Second, Louis alleged that Sharon had consulted several child psychiatrists without disclosing them in discovery, despite specific interrogatories on the issue. According to Louis, Sharon's fee request included costs associated with speaking to several child psychiatrists, but Sharon's response to an interrogatory concerning experts consulted by Sharon did not disclose any of the psychiatrists.

The matter of permitting a party to withdraw his or her rest is within the trial court's discretion, and the trial court's ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Thomas*, 236 Neb. 84, 459 N.W.2d 204 (1990); *Corman v. Musselman*, 232 Neb. 159, 439 N.W.2d 781 (1989); *Jessen v. DeFord*, 3 Neb. App. 940, 536 N.W.2d 68 (1995). Dr. Stark testified by affidavit that the "psychological testing" which appears on his itemized bill was for testing of Sharon, not Kelly, and that his testimony was not untruthful at the hearing. The record also indicates that Sharon's attorneys contacted

numerous child psychiatrists about the possibility of their appearing as experts for Sharon at the hearing, that Sharon's attorneys explained to each of them the nature of the case, the time commitment that would be involved, and the likelihood of rigorous cross-examination by Louis' attorneys at the hearing. Each of the psychiatrists refused to become involved. As such, they were not disclosed as experts whom Sharon had "consulted" or received an opinion from. On the basis of this record, the district court did not abuse its discretion in denying Louis' motion. This assigned error is without merit.

### 3. ATTORNEY FEES

In her motion for fees, Sharon requested an order from the court ordering Louis to pay her attorney fees, as well as expert witness fees and costs. At the hearing on the motion, the parties stipulated that the fees charged by Sharon's attorneys were reasonable and that the number of hours billed by Sharon's attorneys was reasonable. Sharon sought $79,264.60 in attorney fees, and the court awarded her $47,558.76 in attorney fees.

On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *Greenwalt v. Wal-Mart Stores*, 253 Neb. 32, 567 N.W.2d 560 (1997); *Rapp v. Rapp*, 252 Neb. 341, 562 N.W.2d 359 (1997); *Shockley v. Shockley*, 251 Neb. 896, 560 N.W.2d 777 (1997). As noted, the parties stipulated that the fees and the number of hours billed were reasonable. There is nothing in the record from which we could conclude that the award of attorney fees in this case was an abuse of discretion. This assigned error is without merit.

### 4. EXPERT WITNESS FEES

In her motion for fees, Sharon requested an order from the court ordering Louis to pay her attorney fees, as well as expert witness fees. We can determine from the hearing on the motion for fees that Sharon sought to have Louis pay Dr. Stark's fees, as well as the fees charged by Robert Woody, who was Dr. Stark's personal attorney during the course of these proceedings. The court denied her request for Woody's fees, and we need not comment further on that request. The court ordered

Louis to pay $6,480 of Dr. Stark's fees, which Louis challenges in this appeal.

■ The Nebraska Supreme Court has noted that it has long been the rule in this state that a witness who testifies as an expert on a subject requiring special knowledge and skill is, in the absence of a contract for those services, entitled only to the statutory witness fee set out in Neb. Rev. Stat. § 33-139 (Reissue 1993). *Lockwood v. Lockwood*, 205 Neb. 818, 290 N.W.2d 636 (1980). See, also, *Kliment v. National Farms, Inc.*, 245 Neb. 596, 514 N.W.2d 315 (1994). In the present case, the record does not indicate that Sharon and Dr. Stark had any contract for Dr. Stark's preparation and testimony in this case.

The record indicates that Dr. Stark was Kelly's treating psychologist throughout these proceedings, from the time of the original dissolution through the time of the hearing on the applications for modification. Apparently, Dr. Stark felt that Louis' attorneys had been unduly harsh during cross-examination at the dissolution trial, and he was reluctant to be involved in the modification proceedings. In fact, he refused to be involved at all unless his personal attorney, Woody, could be present whenever he was testifying, in deposition or at the hearing. According to Dr. Stark's testimony at the hearing, he was subpoenaed to appear on Sharon's behalf. In response to specific questions by Louis' attorney as to whether he had been retained or hired to testify at the hearing, Dr. Stark repeatedly stated that he was subpoenaed to testify as Kelly's treating psychologist, and he did not acknowledge being retained or hired to testify.

On the record before us, we find no evidence of a contract between Sharon and Dr. Stark for his preparation and appearance at the hearing. Additionally, the circumstances in the record suggest that no such contract existed. Contra *Lockwood v. Lockwood, supra.* As such, we conclude that on the record before us Louis cannot be required to pay more than the statutory witness fee for Dr. Stark's appearance on Sharon's behalf and that the matter must be remanded to the district court for a determination of how much Dr. Stark is entitled to pursuant to § 33-139.

We also note that Louis has argued on appeal that Sharon is not entitled to have more than the statutory fee paid for Dr.

Stark because Dr. Stark testified that he was appearing as a fact witness only, not as an expert to make any recommendations on visitation, and because the only evidence concerning the reasonableness of Dr. Stark's fee was the testimony at the fee hearing of one of Sharon's attorneys. In light of our resolution above that Dr. Stark is entitled only to the statutory fee, we need not belabor the merits of these arguments by Louis. We note, however, that Dr. Stark did provide expert testimony at the trial. Additionally, although Sharon's attorney's testimony that he had hired only two psychologists in the previous 5 years did not establish adequate foundation for him to properly opine as to the reasonableness of Dr. Stark's fees, the present state of jurisprudence in Nebraska does not appear to require such evidence of reasonableness in equity proceedings. See *Grady v. Grady*, 204 Neb. 595, 284 N.W.2d 402 (1979).

Regardless of whether Dr. Stark is characterized as an expert and whether there was any evidence that his fees were reasonable, because the record does not indicate the presence of any special contract, Louis cannot be ordered to pay more than the statutory witness fee established in § 33-319. The case is remanded with directions to the district court to enter an order consistent with our discussion herein.

## V. CONCLUSION

Louis' assigned errors regarding the modification order, the court's order denying Louis' motion to withdraw rest, and the court's award of attorney fees are all without merit. Because there is no evidence of a contract for Dr. Stark's services, the court's award of Dr. Stark's fees is reversed, and the case is remanded with directions to enter an appropriate fee pursuant to § 33-139.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.