FRANCES E. RALEY, APPELLEE, V. MILTON C. RALEY, APPELLANT.
357 N.W.2d 470

Filed November 9, 1984.   No. 83-923.

James P. Miller, for appellant.

James Michael Edgar, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding for the dissolution of a marriage. The trial court dissolved the marriage; divided the marital property; awarded custody of the minor children of the parties to the petitioner, Frances E. Raley; and awarded child support, alimony for 121 months, and attorney fees to the petitioner.

The trial court further awarded the petitioner an additional $200 per month as one-half of the amount the respondent

would receive as a retirement benefit if he were to retire from the U.S. Postal Service as of the date of the decree, the payments to commence upon the retirement of the respondent from the Postal Service.

The respondent, Milton C. Raley, has appealed and has assigned as error the award of alimony, the consideration by the trial court of the respondent's military pension, and the award to the petitioner of a portion of the respondent's postal pension.

The parties were married on March 23, 1968. They have two children; Christie, age 16, and Tammy, age 14.

The petitioner, age 46, sustained a back injury while she was employed in a sheet metal factory prior to the marriage. As a result of this injury, she had a laminectomy at the level of the fifth lumbar vertebra. During the course of the marriage, she worked in a bakery for approximately 8 years. She finally left that job because of back pain from her earlier injury. She testified that she is now unable to sit or stand for extended periods of time and that she suffers from bronchial asthma. The petitioner's only other employment skill results from secretarial training she received in high school. After the filing of the petition for divorce, the petitioner applied for ADC benefits, which she now receives.

Prior to the marriage, the respondent retired from the military service and began receiving a military pension, which now is $500 a month. The respondent is currently employed as a printer by the Postal Service, with a gross salary of $23,653 per year, although he testified that he only "clears" about $1,000 per month. The respondent is entitled to receive retirement benefits from the Postal Service which would amount to a monthly annuity of $400 if he retired at the time of trial.

The respondent contends that his military pension, which was earned prior to marriage, should not be considered for alimony or property division purposes.

In a number of cases we have held that it is proper to consider retirement benefits in determining whether alimony should be awarded. See, *Taylor v. Taylor*, 217 Neb. 409, 348 N.W.2d 887 (1984); *Kullbom v. Kullbom*, 209 Neb. 145, 306 N.W.2d 844 (1981); *Pyke v. Pyke*, 212 Neb. 114, 321 N.W.2d 906 (1982).

In *In re Marriage of Bedwell*, 626 S.W.2d 455 (Mo. App.

1981), the appellant argued that it was unfair to consider his military pension in gauging his ability to pay alimony because all but 16 months of the service for which the pension was paid had been prior to the marriage. In holding that it was correct to consider the pension, the court said at 456:

> This court perceives no reason why the amount of a military pension should be deducted from the total income of Homer and maintenance awarded based on the reduced total. To do˙so would ignore the facts. The court was correct in including the amount of the military pension in determining Homer's income and his ability to pay maintenance.

The fact that the respondent acquired the right to a military pension prior to his marriage to the petitioner was not a bar to its consideration by the trial court in determining the issue of alimony.

The respondent further contends that the award to the petitioner of 50 percent of the postal retirement benefits was patently unfair. He argues that the trial court assumed and speculated that a pension fund was available from facts not in evidence. A review of the record, however, demonstrates that postal retirement benefits, although perhaps not vested, did exist. Neb. Rev. Stat. § 42-366(8) (Cum. Supp. 1982) includes pension plans as property which shall be included as part of the marital estate.

The evidence upon which the value of the postal retirement benefit was determined does not appear in the record. At the conclusion of the trial, the trial court directed the parties to "Get me the figures on the pension fund."

The decree, dated November 17, 1983, awarded the petitioner one-half of the amount the respondent would receive if he retired on that date, the exact amount to be determined later. An order dated December 1, 1983, fixed the amount at $200 per month. The order recited that the finding was based upon "Exhibit A," an exhibit attached to the order and made a part thereof by reference. Exhibit A, however, does not appear in the record.

It is the responsibility of the appellant to see that the record filed in this court is complete insofar as all matters to be

reviewed by this court are concerned. In the present state of the record we presume that the evidence before the trial court at the time the order of December 1, 1983, was made, supported the finding made on that date.

As to the contention that the award of alimony was excessive, on many occasions we have held:

> The rules for determining alimony or division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. They are to be determined by the facts in each case and the courts will consider all pertinent facts in reaching an award that is just and equitable.

*Grady v. Grady*, 204 Neb. 595, 597, 284 N.W.2d 402, 403-04 (1979).

The ultimate test is one of reasonableness. "The total obligation imposed upon the party and that party's ability to make the payments required must be considered in determining whether the award made was erroneous." *Shald v. Shald*, 216 Neb. 897, 905, 346 N.W.2d 406, 411 (1984).

The respondent is now obligated to payments of $800 per month ($400 for child support and $400 for alimony). At a minimum his monthly income is $1,000 from his employment and $500 from his military pension.

As we view the record, the award of alimony was not excessive. The judgment of the district court is affirmed.

AFFIRMED.