BARTON H. FORD, APPELLANT, V. PATRICIA A. FORD, APPELLEE.

360 N.W.2d 495

Filed January 4, 1985.   No. 83-610.

Ronald H. Stave of Stave & Coffey, P.C., for appellant.

Thomas J. Monaghan of Monaghan, Tiedeman & Lynch, for appellee.

KRIVOSHA, C.J., HASTINGS, CAPORALE, and SHANAHAN, JJ., and BRODKEY, J., Retired.

PER CURIAM.

Barton H. Ford appeals an order of the district court for Douglas County requiring Barton to pay Patricia A. Ford alimony in the amount of $450 per month for a period of 2 years. We affirm.

Barton and Patricia were married on November 8, 1980. No child has been born of their marriage, and no real estate or personal property beyond miscellaneous household appliances has been acquired by the Fords.

In October 1980, approximately 1 month before her marriage to Barton, Patricia lost her job with an advertising agency, which paid $800 per month. At the date of marriage Barton was employed at a monthly salary of $1,500.

After marrying Patricia, Barton moved into Patricia's rented residence. Patricia had two children, ages 11 and 13, from a previous marriage, and for whom Patricia was receiving $385 per month in child support.

In January 1981 Patricia found employment at a dress shop and was initially paid $4 per hour, later increased to $4.25 per hour some 6 months later. Patricia voluntarily left her employment in June 1982 to spend more time with her children (after working for the dress shop approximately 1 year and 4 months). In September 1982 Patricia resumed employment with a part-time job because Barton said they needed to make more money to cover household expenses. As a maid in the part-time employment, Patricia was paid $5 per hour for an

average workweek of 25 hours. Patricia also had additional part-time employment in cleaning houses.

In October 1981, on account of an economic downturn in industry, Barton was discharged from his job but sought other business opportunities in the form of a franchise restaurant or bar. Barton was unemployed from October 1981 until July 1982, when Barton acquired a 35-percent interest in a business which paid Barton a starting salary of $60 per week and later increased Barton's salary to $500 per week in January 1983. During his period of unemployment from October 1981 until July 1982, Barton also received a distribution from a family trust, that is, $690 quarterly. At the time of trial in 1983, the trust distribution to Barton had been decreased to $444 quarterly. During his marriage to Patricia, Barton received $35,000 in liquidation of a business interest acquired before his marriage to Patricia. Also, Barton obtained $50,000 in loans on life insurance.

In the course of investigating and "attempting to develop business opportunities," Barton spent substantial sums. Throughout Barton's investigation of possible businesses, Patricia paid the majority of the household expenses. Patricia's paycheck was deposited in the joint account maintained by Barton and Patricia, as were the child support payments for Patricia's children. Occasionally Barton would give Patricia a check for some household expenses.

Patricia and Barton separated in January 1983; Barton filed his petition on February 16, 1983; and the district court entered a decree of dissolution on July 8, 1983.

The district court ordered Barton to pay alimony in the amount of $450 per month to Patricia for a period of 2 years. Barton contends that "permanent alimony" is error under the circumstances. At the entry of decree Barton was 30 years old, Patricia was 35, and both parties were in good health.

Among factors to be considered by a court in determining reasonable alimony are the circumstances of the parties, duration of the marriage, and contributions to the marriage by each party. See Neb. Rev. Stat. § 42-365 (Reissue 1984).

Although the marriage existed for only a brief duration, the facts substantiate that Patricia was the major provider for the

household, especially during the time when Barton was unemployed and investigating new business ventures. While Patricia's earnings were deposited in a joint account with Barton and used for annual family expenses in excess of $20,000, Barton expended in excess of $63,000, which was used almost entirely in exploring new business interests, none of which materialized.

"In determining whether alimony should be awarded, in what amount, and over what period of time, the ultimate criteria under the statute as well as under the former decisions of this court is one of reasonableness." *Magruder v. Magruder*, 190 Neb. 573, 576, 209 N.W.2d 585, 587 (1973).

> Determining what is reasonable alimony under given circumstances is never an easy task. The standard of reasonableness by its very nature defies clear and specific quantification inasmuch as the determination of reasonableness is directly tied to the virtually unique circumstances of each case. In *Altschuler v. Coburn*, 38 Neb. 881, 890, 57 N.W. 836, 838 (1894), we noted that an attempt to give a specific meaning to the word *reasonable* is " 'trying to count what is not number, and measure what is not space.' "

*Gleason v. Gleason*, 218 Neb. 629, 633, 357 N.W.2d 465, 468 (1984).

In *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984), we held that the division of property and the awarding of an attorney fee in marriage dissolution cases are matters initially entrusted to the sound discretion of the trial judge, which matters, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. The same standard of review applies with respect to an issue of the reasonableness of alimony ordered by a trial court. In our de novo review of the record in this case, we conclude that the trial court did not abuse its discretion in decreeing that Barton pay Patricia reasonable alimony as indicated.

The court awards to Patricia the sum of $500 for the services of her attorney regarding the appeal.

AFFIRMED.