LORRETTA M. SONNTAG, APPELLEE, V. RICHARD N. SONNTAG, APPELLANT.

365 N.W.2d 411

Filed March 29, 1985.   No. 84-031

Wesley H. Hauptman of Erickson & Sederstrom, P.C., for appellant.

Tim B. Streff and Jon S. Okun of Higgins & Okun, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Richard N. Sonntag appeals the division of property and alimony ordered in dissolution proceedings in Douglas County involving his marriage with Lorretta M. Sonntag. Richard

claims the property division and alimony are unreasonable. We affirm.

Lorretta and Richard were married in 1963, when Lorretta was 19 years of age and Richard 28. Lorretta had a high school diploma and was working full time. Richard had a bachelor of science degree. Two daughters were born of the Sonntag marriage, namely, Christine, born in 1964, and Jacqueline, born in 1965. During the marriage, Lorretta has had no employment but has raised the Sonntag children. Since 1969, Richard has been employed at Mutual of Omaha and has received periodic raises in salary to the point that during 1982 Richard received $26,020 as wages from Mutual. Richard's prospective pension from Mutual is totally funded by the company, that is, Richard makes no monetary contribution to his pension fund. The pension is vested and available to Richard if he leaves employment at Mutual.

Approximately 20 years ago, Lorretta and Richard purchased their house, a one-story ranch home in the Westgate area of Omaha, for $16,500 and accumulated various items of household furnishings and personal property, including automobiles.

On May 20, 1983, Lorretta petitioned for a dissolution of marriage. At trial on November 21, Lorretta, then 42 years of age, was employed as a bookkeeper with a net monthly wage of $731. The Sonntag children resided with their father in the family home, while Lorretta lived in an apartment and paid rent of $385 per month. Christine, 19, was in her second year at Metro Tech, and Jacqueline, 18, was working but intended to return to school. Richard's monthly net wages are $1,819.

The Sonntag real estate was appraised for trial. Lorretta's appraiser valued the property at $54,500, and Richard's at $47,000. At trial the real estate was subject to a mortgage with an unpaid balance of approximately $8,900. Richard lived in the family home and paid $192 per month on the mortgage. At one point in his testimony Richard stated he would pay $10,000 in cash as a lump sum settlement for Lorretta's equity in their house. However, if Lorretta's equity were valued in an amount greater than $10,000, Richard would pay Lorretta over a 3-year period.

A representative from Mutual testified that the present value of Richard's pension was $19,642.97. Were Richard to leave employment at Mutual at the date of trial, pension benefits would be payable at $130.25 each month for the remainder of Richard's life. If Richard continues employment at Mutual and retires at age 65, the monthly benefits will be $1,156.66.

Life insurance policies acquired had a cash surrender value of $5,600.

Lorretta's monthly expenses after separation were $1,397, including $135 per month to be set aside as an educational fund to pay tuition in obtaining an accounting degree from University of Nebraska-Omaha. Expected tuition for the accounting degree is $6,500. Richard's monthly expenses are $1,582, including the $192 monthly house payment.

In its dissolution of marriage entered December 9, the district court divided the property approximately one-half to each party. No child support was ordered. Specifically, the court ordered redemption of the cash value for the life insurance policies ($5,600), with the proceeds divided equally between the parties. Concerning the real estate, the court ordered an equal division of the equity, after deduction for expenses of sale, if the house was sold before January 1, 1985; otherwise, if there were no sale of the house, Richard must pay Lorretta a lump sum of $20,500, representing her share of the equity in the property. Upon Richard's failure to pay the $20,500 as ordered, that amount bore interest at the current rate for judgments from January 1, 1985.

Further, the court ordered that Richard pay Lorretta $9,821.45 in cash by January 1, 1985, in view of the pension at Mutual. Failure to pay such amount resulted in the assessment of interest from January 1, 1985.

Finally, the decree required Richard to pay alimony at $500 per month for 5 years, commencing January 1, 1984, and terminating on Lorretta's death or remarriage before expiration of the 5-year period.

Neb. Rev. Stat. § 42-365 (Reissue 1984) reads in pertinent part as follows:

> When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the

other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party. . . .

While the criteria for reaching a reasonable division of property and a reasonable award of alimony may overlap, the two serve different purposes and are to be considered separately. The purpose of a property division is to distribute the marital assets equitably between the parties. The purpose of alimony is to provide for the continued maintenance or support of one party by the other when the relative economic circumstances and other criteria enumerated in this section make it appropriate.

A court must include a pension or retirement plan as a part of the marital estate. See Neb. Rev. Stat. § 42-366(8) (Reissue 1984).

The ultimate test for a division of property, as well as alimony, is reasonableness determined by the facts of each case. See, *Burger v. Burger*, 215 Neb. 699, 340 N.W.2d 400 (1983); cf. *Gleason v. Gleason*, 218 Neb. 629, 357 N.W.2d 465 (1984). Cf., also, *Ford v. Ford, ante* p. 13, 360 N.W.2d 495 (1985). In a dissolution proceeding a trial court has broad discretion in valuing pension rights and dividing such rights between the parties. See *Kullbom v. Kullbom*, 209 Neb. 145, 306 N.W.2d 844 (1981).

We have reviewed the record de novo and find the division of property and award of alimony, in accordance with the dispositions made by the trial court, are reasonable. Cf. *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984).

Lorretta has not requested, and we do not award, an attorney fee for Lorretta's counsel regarding proceedings before this court.

AFFIRMED.