CONNIE J. REZAC, APPELLEE, V. DARLAN J. REZAC, APPELLANT.
378 N.W.2d 196

Filed December 20, 1985.   No. 84-731.

Richard A. Dudden of Padley & Dudden, P.C., for appellant.

Frank E. Piccolo of Murphy, Pederson, Piccolo & Pederson, for appellee.

BOSLAUGH, CAPORALE, and GRANT, JJ., and WOLF, D.J., and COLWELL, D.J., Retired.

WOLF, D.J.

This is an appeal by the respondent from the decree of dissolution entered by the district court for Keith County. At the time of the trial in April of 1984, the parties had been married 18½ years and had two sons, ages 17 and 15. At trial the husband was 53 years of age and the wife 38 years of age. Within 3 weeks after trial the trial judge issued a memorandum opinion fixing values for various properties and debts of the parties, making division of the property and debts including a judgment in favor of the petitioner and against the respondent in the amount of $60,000 as part of the property division, placed custody of the two children in the father respondent, as recommended by both parties, required no child support of the petitioner, awarded the petitioner alimony of $500 per month for a period of 36 months, and charged costs to the respondent, including an allowance toward petitioner's attorney fees in the amount of $1,000.

No issue is raised by the respondent as to the alimony, assessment of costs, awarding of attorney fees, or the custody and support provisions.

The appeal is limited to the division of property and allocation of debts by the court, and the respondent assigns as error: (1) Including the appreciated value of stock in Front Street, Inc., in the marital estate; (2) Including the stock in Pro-Ag, Inc., and Petro-Lewis, Inc., and the 1984 Ford van in the marital estate; (3) Including the land and building rented by the Animal Clinic West O Street, P.C., in the marital estate; (4) Awarding Connie $10,000 for her interest in a life insurance policy; and (5) Placing a value of $200,000 upon a condominium located in Steamboat Springs, Colorado.

The rules for determining alimony or division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. They are to be determined by the facts in each case, and the

courts will consider all pertinent facts in reaching an award that is just and equitable. *Hanisch v. Hanisch*, 195 Neb. 204, 237 N.W.2d 407 (1976).

The fixing of alimony or distribution of property rests in the sound discretion of the district court, and in the absence of an abuse of discretion, will not be disturbed upon appeal. *Phillips v. Phillips*, 200 Neb. 253, 263 N.W.2d 447 (1978).

This court is not inclined to disturb the division of property made by the trial court unless it is patently unfair on the record. *Blome v. Blome*, 201 Neb. 687, 271 N.W.2d 466 (1978).

The respondent, according to the evidence, owned approximately 47 percent of the outstanding stock of Front Street, Inc. This was purchased by the respondent in 1964, prior to the marriage, at a cost of $23,700. The stock ownership of the respondent remained the same percentage until the trial. The court valued that stock at $120,000. During the marriage, the corporation made substantial improvements to the commercial tourist attraction, including a Putt-Putt Golf Course and an enlarged kitchen. These improvements were paid for by the corporation. No additional money investments were made in Front Street by the parties during the marriage. If the respondent's ownership was nominal and there was an increase in the value of the stock during the marriage, or if the increase in value of the stock was strictly an inflationary increase, he would have a good argument that the stock should be viewed as continuing and separate ownership during the marriage and at the time of dissolution. The trial court is justified, however, in treating it differently when the percentage of ownership is substantial and improvements or additions are made to the corporate assets through application of corporate income which would otherwise be distributed to the party during the marriage. In this case, had the corporation not made substantial investments in improving its facility, the value of the stock may have remained about the same but this respondent would have received additional income resulting in marital assets which would be subject to division at the time of the dissolution. For that reason we find no error in the court's using the appreciated value of the stock at the time of the dissolution for the purpose of property division.

The respondent owned a 51-percent (or a 52-percent) interest in Animal Clinic West O Street, P.C., at the time of dissolution. The Animal Clinic stock of the respondent was valued by the trial court at $26,000. In addition, the trial court valued the Pro-Ag stock in the sum of $2,000, the Petro-Lewis stock in the amount of $10,000, and the 1984 Ford van in the amount of $13,500. Technically speaking, those assets were owned by the corporation and not individually by the respondent. The result of the inclusion of these values as part of the assets distributed to the respondent was to value the Animal Clinic stock of the respondent at $51,500. Although this court finds that such personal property was not includable in the estate for the purposes of division, the net result is a valuation of the clinic stock of the respondent at $51,500, which does not appear prejudicial to the respondent in view of the fact that he sold 48 percent of the stock of the clinic in 1981 for $57,600. In view of that evidence the total value of the clinic stock of the respondent is not overvalued and there is no error.

The clinic and land were valued by the trial court at $130,000. This land and clinic were bought during the marriage, but the respondent suggests that it was purchased with proceeds of the sale of other property owned by the respondent prior to the marriage. By this assignment of error the respondent is suggesting that the trial court trace premarital property through disposition and reinvestment during the marriage so as to preserve the separate character for the newly acquired property. If this were done, it would result in the party's having credit for the value of the property brought into the marriage and then a duplicate credit for the property acquired from those proceeds. Tracing property is generally an unworkable proposition because the parties have a tendency to suggest tracing only when there is an improvement in value. Although some courts find a justifiable reason for limited tracing of prior owned property, it is not error to restrict the credit to the identical property which is retained during the marriage or to the value of the property at the time of the marriage or when disposed of during the marriage.

The respondent objected to the "awarding" to Connie Rezac the sum of $10,000 for her interest in the life insurance policy.

Actually, what the court did in this case was to accept the petitioner's statement that the value of her insurance policy prior to her marriage was $10,000, and this was a part of the credit of $17,400 given to the petitioner as value of the property brought by her into the marriage. The trial court awarded her that life insurance policy but assigned no value to it as a part of the distribution. In this respect respondent is right in that the $10,000 should not have been a credit to the petitioner against property awarded to her, since she received the same property upon division without allocating a value. In determining whether an adjustment should be made for this item, the reviewing court needs to look at the entire picture and determine whether similar omissions were made with respect to the other party before adjusting the division based upon one example. In reviewing the credit situation we find that the evidence shows that the respondent had debts in 1965, prior to the marriage, of $49,740, as shown in exhibit 62. This figure was not taken into account by the trial court in making the division of the property, and it more than offsets any advantage obtained by the petitioner by the $10,000 credit.

The respondent objects to the $200,000 valuation placed by the court upon the Colorado condominium property. The evidence as to the value of the condominium was in dispute. The wife placed the value of $236,000 on the condominium. The husband valued it at $150,000. Under those circumstances there is no error in the court's making a finding of value of $200,000.

Based upon a review of the entire evidence, this court finds that the net distribution to the petitioner, after eliminating the $10,000 credit but including the $60,000 judgment award, is in the sum of $118,603.59, while the net award to the respondent, after subtracting the judgment award, is $182,058.87. This difference between the amounts awarded each party is not disproportionate, considering that the respondent will also pay $18,000 in alimony and assume full financial responsibility for the minor children.

This court therefore holds that the division of property and debts by the trial court does not indicate any abuse of discretion and the decree of dissolution should be affirmed.

The respondent shall pay the costs in this court together with an allowance of $1,000 toward the petitioner's attorney fees.

AFFIRMED.