JON W. ANDERSON, APPELLANT, V. KATHLEEN D. ANDERSON, APPELLEE.

382 N.W.2d 620

Filed March 7, 1986.   No. 84-849.

Vincent P. Sutera of Sutera & Sutera, for appellant.

Robert C. Wester of Schirber Law Offices, P.C., for appellee.

KRIVOSHA, C.J., HASTINGS, CAPORALE, and GRANT, JJ., and BUCKLEY, D.J.

CAPORALE, J.

The petitioner-appellant husband, Jon W. Anderson, takes issue with the property adjustment ordered by the trial court's decree of legal separation and with the amount of support awarded to the respondent-appellee wife, Kathleen D. Anderson. We affirm.

By analogy, we apply to this decree of legal separation the same standards as are applied for reviewing property divisions and alimony awards in decrees of dissolution. That is, both the adjustment of property and the award of support are matters initially entrusted to the sound discretion of the trial judge,

which matters, on appeal, will be reviewed de novo on the record and modified only in the event of an abuse of that discretion. See, *Rezac v. Rezac*, 221 Neb. 516, 378 N.W.2d 196 (1985); *Ford v. Ford*, 219 Neb. 13, 360 N.W.2d 495 (1985); *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984). In our de novo review we, where the evidence is in conflict, will give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than another. See *Guggenmos v. Guggenmos, supra.* There are no mathematical formulas by which such awards can be precisely determined. Ultimately, the test is whether the property adjustment and support award are reasonable under the facts of each case. See, *Rezac v. Rezac, supra*; *Sonntag v. Sonntag*, 219 Neb. 583, 365 N.W.2d 411 (1985).

This action involves a marriage of approximately 17 years' duration which produced two children who, at the time of trial, were 13 and 10 years old.

The husband first makes a generalized complaint that the division of the items of household goods and furnishings and allocation of the parties' debts are erroneous. The evidence as to who generated the debts and what their purposes were is in conflict, and we cannot say the trial court abused its discretion in making the allocation it did. There are also inconsistencies in the evidence concerning the value of the household goods and furnishings. Again, we cannot say the trial court abused its discretion in adjusting the personal property as it did.

The husband also takes issue with the fact that the trial court awarded the real estate which had constituted the parties' dwelling to them as tenants in common, with possession to be in the wife until the youngest child becomes emancipated or the house is sold as earlier agreed upon by the parties. During the time she has possession, the wife is to make the mortgage payments, keep the house insured and in repair, and pay the real estate taxes. Upon sale the wife is to receive an amount equal to the reduction of the mortgage principal attributable to her mortgage payments; the remaining net proceeds of the sale are to be divided equally between the parties. Such an adjustment of the parties' interest in the real estate is fair and reasonable and in no sense constitutes an abuse of discretion.

This brings us to the support award. The husband is a career Air Force officer. He has 16 years of service and has achieved the rank of major. His gross income is $3,823.53 per month, leaving him with a disposable income after deductions for taxes and insurance of $3,055.21 per month, from which he is obligated to pay $600 per month in child support, custody of the children having been awarded to the wife. In addition, the decree obligates him to pay the wife $500 per month for her support as described in greater detail later in this opinion. Thus, the husband has $1,955.21 to spend on himself each month. The record shows that his expenses are such as to leave him with approximately $275.21 per month of uncommitted funds. The evidence also demonstrates that his prospects for promotion and increased earnings are good.

The wife is an elementary schoolteacher holding a bachelor's and a master's degree and is currently working on a doctorate. She has a gross monthly income of $1,549.67 per month and a disposable income from her earnings of $1,127.79 per month after deductions for taxes, insurance, and pension. With the support payments from the husband, the wife has a monthly spendable income of $2,227.79, which just meets her expenses. It is not anticipated that her earnings will increase substantially, even with a doctorate.

The trial court ordered the husband to pay the wife support in the sum of $500 per month until she dies or remarries (an event which would need to be preceded by dissolution of the still existing marriage), or until the husband begins receiving retirement benefits in accordance with his military pension plan. At such time as the husband begins to receive such benefits, he is to pay the wife $500 per month until the death of either party or the "further order of the Court." The husband was awarded all the interest "the parties may have" in said pension plan, subject to his obligation to pay support money to the wife.

The evidence is that if the husband were to complete 20 years of service with the Air Force and retire at the end of that time, he would receive retirement benefits of $1,323.50 per month. Sixteen-twentieths, or $1,058.80, of that potential benefit was acquired during the time the parties lived together as husband

and wife. Use of the husband's retirement benefit, if and when it comes into existence, as a source from which to support the wife in a sum equal to approximately half of the benefit acquired before entry of the decree herein cannot be said to be an abuse of discretion. See *Raley v. Raley*, 218 Neb. 644, 357 N.W.2d 470 (1984), which notes our prior holdings that it is proper to consider retirement benefits in determining whether alimony should be awarded, and took into account the military retirement benefits which were being paid to the obligor husband, as well as postal retirement benefits which, although not being paid at the time, would become available upon retirement from that employment.

The record failing to sustain the husband's assignments of error, the decree of the trial court is affirmed. The wife is awarded the sum of $750 to apply to the services of her attorney in this court.

AFFIRMED.