BARBARA W. BRYAN, APPELLANT, V. GEORGE A. BRYAN, APPELLEE.

382 N.W.2d 603

Filed March 7, 1986.   No. 84-501.

John J. Hanley, for appellant.

Joseph J. Skudlarek of Schumacher & Gilroy, for appellee.

BOSLAUGH, HASTINGS, and GRANT, JJ., and BRODKEY, J., Retired, and RIST, D.J.

PER CURIAM.

Barbara W. Bryan appeals to this court from a decree entered in a dissolution of marriage proceeding in the district court for Douglas County, Nebraska. In that action Barbara was the petitioner and her husband, George, was the respondent. The parties were married in Clearwater, Florida, in 1974, at which time Barbara was employed as a cocktail waitress and George was employed as a waiter in the same restaurant and lounge. Neither of the parties brought substantial assets into the marriage. There were no children born of the marriage.

Shortly after they were married, the parties moved to Scottsbluff, Nebraska, to assist George's parents, Rex and Gladys Bryan, who at that time were running a retail water bed store which was named, after subsequent incorporation, Easyrest Flotation Sleep Systems, Inc. (hereinafter referred to as Easyrest). Although Barbara and George were not issued any stock in Easyrest initially, shortly after incorporation both were given shares by Rex Bryan, George's father. At the time of the dissolution of marriage hearing, Barbara owned 5,555 shares of Easyrest stock, which constituted 25.66 percent of the total stock issued, and George owned 14,860 shares, or 68.66 percent. The remainder of the stock was owned by Gladys and Rex. Furthermore, at the time of the hearing, the water bed

company, which in fact had commenced business as a single retail store in Scottsbluff, Nebraska, had expanded to eight stores located in Nebraska, Missouri, and Kansas. The hearing for the dissolution of marriage was commenced on April 17, 1984, and evidence was adduced; the hearing was continued to April 18. During the hearing held on April 17, testimony was adduced from two certified public accountants with reference to the valuation of Easyrest, in order to determine the value of the respective stock owned by the parties herein. The certified public accountant who testified on behalf of Barbara stated that the value of the business was $619,455. The method of valuation used by him is referred to as the "multiple of earnings" method. The certified public accountant testifying on behalf of George stated that, in his opinion, Easyrest was worth $40,445. The method of valuation used by him is commonly referred to as the "book value" method. There is testimony in the record that the two methods of valuation referred to are among many that are commonly employed in the accounting profession for the valuation of businesses and stock in corporations.

The district court for Douglas County, in its decree of May 4, 1984, found that the marriage between the parties was irretrievably broken and ordered it dissolved. The court awarded Barbara the 5,555 shares of Easyrest stock which she owned prior to the dissolution, and George was awarded the 14,860 shares he owned prior to the dissolution. In its decree the court gave Barbara the option to sell her shares of stock to George, and further provided that if she exercised this option, George was ordered to pay her $150 per month as alimony for a period of 5 years. If she did not exercise this option, he was ordered to pay her $350 per month as alimony until the total sum of $9,000 was paid. In its decree the court also found that the value of Easyrest was $40,445, using the "book value" method of valuation. The court also ordered a townhouse, jointly owned by the parties, sold, with the balance, after payment of two mortgages on the property, to be divided equally between the parties. In addition, both Barbara and George were awarded assorted household goods and furnishings.

On June 4, 1984, the parties entered into certain stipulations between them, which were approved and adopted by order of the court on that same day. In said stipulations the parties agreed, and the court ordered, that George should pay Barbara the sum of $1,026 per month as support and that this money should be credited as payments against the $9,000 alimony previously awarded to Barbara in the original decree.

The parties also stipulated that the townhouse in which Barbara resided should be put up for sale immediately and that Barbara should make available for pickup on or before June 8, 1984, all the household goods awarded to George. Further, the parties stipulated, and the court so ordered, that if, during an appeal of this case, Easyrest should file voluntary bankruptcy or have an involuntary bankruptcy petition filed against it, and was eventually adjudicated bankrupt, Barbara was to tender her stock to George and would receive no monetary or other compensation for said stock. This stipulation was to be effective even after a final determination by the Nebraska Supreme Court on appeal of this matter.

The issues before this court on appeal, as set out in Barbara's assignments of error, are as follows: The district court erred (1) in its distribution of Easyrest's stock to the litigants, (2) in valuing the stock in Easyrest at book value, and (3) in its allowance of alimony.

Under the established law in this state, we review the case de novo on the record and reach conclusions without reference to the conclusions reached by the trial judge. Neb. Rev. Stat. § 25-1925 (Reissue 1979); *Gleason v. Gleason,* 218 Neb. 629, 357 N.W.2d 465 (1984). However, where the evidence is in conflict, this court gives weight to the fact that the trial court saw and heard the witnesses and accepted one version of the facts rather than another. *Guggenmos v. Guggenmos,* 218 Neb. 746, 359 N.W.2d 87 (1984); *Witcig v. Witcig,* 206 Neb. 307, 292 N.W.2d 788 (1980). Awards of alimony and the division of marital property are matters which are initially entrusted to the discretion of the trial court and will not be disturbed on appeal unless the record establishes that the trial court has abused its discretion. *Ford v. Ford,* 219 Neb. 13, 360 N.W.2d 495 (1985); *Guggenmos v. Guggenmos, supra; Lockwood v. Lockwood,*

205 Neb. 818, 290 N.W.2d 636 (1980). The ultimate test for the division of property and awards of alimony is "reasonableness" as determined by the facts of each case. *Sonntag v. Sonntag,* 219 Neb. 583, 365 N.W.2d 411 (1985); Neb. Rev. Stat. § 42-365 (Reissue 1984).

A review of the record convinces us that the trial court did not abuse its discretion in its distribution of stock to the parties. The facts are undisputed that Rex Bryan, the donor, gave the shares of stock to Barbara and George individually and, in the initial distribution, at a different time and in different amounts. There were no joint gifts of stock. It is clear from the record that Barbara did not put any of her own money, that is, money which she had earned before her marriage or had inherited before or during her marriage, into the business; and although she put time and effort into the growth of the corporation, it appears that at all times she was compensated for her efforts and drew a substantial salary. The trial court was correct in awarding the respective shares of stock individually.

Barbara's second assignment of error is that the trial court erred in its valuation of the stock in question. She contends that the value of the corporation should be $619,455 (multiple of earnings) and not $40,445 (book value). As previously indicated, there was conflicting evidence at the dissolution hearing with reference to the proper method of valuing Easyrest. From our review of the record we conclude that the $40,445 value which the court accepted and assigned to Easyrest was reasonable and was not an abuse of discretion. In *Boroff v. Boroff,* 204 Neb. 217, 218, 281 N.W.2d 760, 761 (1979), we stated that "[w]hile in a divorce action the case is to be tried de novo, this court will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of facts rather than the opposite." In making its determination the trial court was required to balance the conflicting testimony of the parties' experts and weigh their credibility.

> A trial court is free to assess expert opinion and determine fair market value in light of testimony regarding: the nature of the business, the corporation's fixed and liquid assets at the actual or book value, the corporation's net

worth, the marketability of the shares, past earnings or losses and future earning potential. *Dean v. Dean*, 87 Wis. 2d 854, 876, 275 N.W.2d 902, 912 (1979). A trial court "is not required to accept any one method of stock valuation as more accurate than another accounting procedure." *Id*. at 875-76, 275 N.W.2d at 912. Thus, we will affirm a trial court's valuation of a closely held corporation if we find that such method of valuation used has an "acceptable basis in fact and principle." *Castonguay v. Castonguay*, 306 N.W.2d 143, 147 (Minn. 1981). See *Lockwood v. Lockwood, supra* (upholding the trial court's valuation of a closely held corporation, for purposes of property division in a dissolution of marriage case, where the value was within the range of values each party introduced into evidence at trial). We conclude that the action of the trial court in accepting the valuation of Easyrest submitted in evidence pursuant to the "book value" method had an "acceptable basis in fact and principle" and therefore was not an abuse of discretion.

Barbara's third assignment of error is that the district court erred in its allowance of alimony. We have frequently said that there is no mathematical formula by which awards of alimony or division of property in an action for dissolution of marriage can be precisely determined. They are to be determined by the facts of each case, and the court will consider all pertinent facts and reach an award that is just and equitable. *Cole v. Cole*, 208 Neb. 562, 304 N.W.2d 398 (1981); *Chrisp v. Chrisp*, 207 Neb. 348, 299 N.W.2d 162 (1980). See § 42-365. We conclude that the amount of alimony awarded to Barbara by the trial court was not an abuse of discretion and must therefore be affirmed.

Each party shall pay his and her own costs.

AFFIRMED.