CAROL GALE, APPELLANT, V. ALFRED J. GALE, APPELLEE.
401 N.W.2d 501

Filed February 27, 1987.   No. 85-531.

Frank E. Piccolo of Murphy, Pederson, Piccolo & Pederson, for appellant.

Richard A. Birch of Nielsen & Birch, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Carol Gale, petitioner, appeals to this court from a decree entered in a dissolution of marriage proceeding by the district court for Lincoln County. A dissolution hearing was held on April 17, 1985, and the court entered a decree dissolving the marriage.

Carol has urged several assignments of error, but only one was discussed in her brief and during oral argument. It has long been the rule that errors assigned but not discussed will generally not be considered by this court on appeal. *Johnson v. Johnson,* 209 Neb. 317, 307 N.W.2d 783 (1981). As such, the only assignment of error we will address is whether the amount of alimony awarded to Carol by the court is inadequate and not supported by the evidence or law. Because we find that the award of alimony is inadequate, we modify the judgment of the district court.

Carol and Alfred J. Gale, the respondent, were married for

35 years at the time of the dissolution action. Carol is 51 years old and has worked at a variety of minimum-wage jobs most of her life, but has not worked outside the home for the past 5 years. She has recently been looking for a job, but has been unable to find one. She has some health problems, but does admit she is capable of holding down a job if she can just find one. She believes she will need approximately $1,229 per month living expenses after the dissolution of her marriage.

Alfred, on the other hand, is 55 years old and has worked at the Union Pacific Railroad for approximately 36 years. He testified he nets approximately $1,800 per month, but his pay stub introduced into evidence indicates he actually nets, after taxes, approximately $2,037 per month. Additionally, his 1984 income tax return discloses that his net after taxes is approximately $2,088 per month. This takes into consideration his railroad retirement tax of approximately $197 per month. Historically, he overpays his taxes, and for 1984 he will receive a refund of approximately $2,400. Alfred believes he will incur approximately $1,500 per month living expenses after the marriage is dissolved. Finally, he testified he intends to retire at 62 and guesses his retirement income would be $1,200 per month.

The court determined that Carol could probably get a job for 40 hours a week at minimum wage, which would provide her with a little less than $500 a month. It also determined that Alfred nets about $1,800 per month, but added $150 more per month to that amount to account for the yearly tax refund, resulting in a total of $1,950 per month. The court then awarded Carol $650 per month in alimony in order for there to be some "equalization" between the parties. Using the court's figures, Carol would have access to $1,150 per month, and Alfred would be left with $1,300 per month. The court then determined that when Alfred is 62 he will retire, and his income will go down to $1,200 per month. Figuring that it will then be impossible for Alfred to pay $650 per month, the court reduced the alimony to $350 per month until Carol reaches the age of 62, when alimony would cease, presumably because at that time she will be entitled to half of Alfred's retirement income.

It is the rule in Nebraska that the awarding of alimony in

marriage dissolution cases is a matter entrusted to the sound discretion of the trial judge. On appeal an alimony award will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. *Busekist v. Busekist, ante* p. 510, 398 N.W.2d 722 (1987); *Taylor v. Taylor,* 222 Neb. 721, 386 N.W.2d 851 (1986). The ultimate test in determining correctness in the amount of alimony awarded is reasonableness as determined by the facts of each case. *Busekist v. Busekist, supra; Taylor v. Taylor, supra.* An appropriate award of alimony must turn on reasonableness and the circumstances of each case in light of the factors set forth in Neb. Rev. Stat. § 42-365 (Reissue 1984). Those factors include duration of the marriage, history of the contributions to the marriage by each party, and the ability of the supported party to engage in gainful employment. In addition to the specific criteria listed in § 42-365, the income and earning capacity of each party, as well as the general equities of each situation, must be considered. *Taylor v. Taylor, supra.*

With the foregoing in mind, we believe that the trial court abused its discretion in setting the amount of alimony. The documentary evidence shows that Alfred was netting approximately $2,250 per month, instead of the $1,950 the court determined. True, there were some other deductions for union dues and credit union payments. Given that Alfred is making more per month than the court determined, we believe that Carol's award should be increased to $750 per month. Although the record substantiates Carol's claim that she may not be able to get a job for a while in North Platte, we do believe that it was reasonable for the court to find that she had the capacity to earn $500 per month at a minimum-wage job. With alimony of $750 per month, she would then have access to $1,250 per month, enough to meet her expected living expenses. Alfred would have monthly income left to meet his expected living expenses.

We also believe it was improper for the court to order adjustments in the alimony at the time respondent reaches age 62 and complete termination of the periodic payments when petitioner attains the age of 62. The basis for this action by the court was because respondent indicated he was planning to

retire, and, supposedly, when the petitioner reaches the age of 62 she is entitled to a vested portion of her husband's retirement pension.

However, both of these events were somewhat speculative. There was nothing definite about the retirement date, nor was there any solid evidence of the amount of any resulting pension. Additionally, although counsel stipulated that petitioner would be entitled to one-half the amount of her husband's pension when she retired, assuming the respondent had also retired, the figure of one-third was mentioned during arguments. More importantly, there was no evidence from the railway retirement board which in any way substantiated these rather vague claims.

We believe the better way to handle this situation is to leave the alimony of $750 per month in force until the further order of the court. In that way the respondent can come into court and prove an actual change of circumstances in the event that he does retire and suffers a reduction of income. In the same manner, he can follow the same procedure at such time as the petitioner's share of the pension becomes fixed and definite. Substantial adjustments undoubtedly should be made upon the happening of those events, but, in the manner outlined, we believe that burden to show these events is now properly placed on the respondent.

We therefore modify the decree to provide for the payment of alimony to the petitioner in the amount of $750 per month until the further order of the trial court, and, as so modified, the judgment of the district court is affirmed. Petitioner is awarded a fee of $750 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.