BETTY LOU SEEMANN, APPELLANT AND CROSS-APPELLEE, V. LEE DUNN SEEMANN, JR., APPELLEE AND CROSS-APPELLANT.

402 N.W.2d 883

Filed April 3, 1987.   No. 85-545.

David L. Herzog, P.C., for appellant.

Thomas J. Young of Young, LaPuzza & Stoehr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the district court for Douglas County. A decree of divorce was entered in this case on June 14, 1985. The Seemanns' marital estate is extensive, and a detailed recitation of the division of the assets will be useful in the disposition of this case.

The appellant, Betty Lou Seemann, was awarded as marital assets all household goods, furnishings, clothing, and jewelry in her possession; the couple's 1957 Mercedes; all shares of R.J. Reynolds stock; and $145,000, as part of the property settlement, payable over the next 6 years at 10 percent interest per annum. The appellant was also awarded costs and $9,000 in attorney fees.

The appellee was awarded care and custody of their minor son and $150 per month child support from the appellant. As nonmarital assets, Mr. Seemann was awarded his interest in Seemann Properties Ltd. and all shares of Berkshire Hathaway stock and New America Fund stock, gifts to him by his family.

As a share of the marital assets, Mr. Seemann was awarded the couple's home in Elkhorn, Nebraska, as well as all personal belongings and household goods and furnishings in his possession. He was also awarded real properties at Leshara, Nebraska, and at Okoboji, Iowa; his interest in the family truck and trailer business, Seemann Truck and Trailer, Inc.; his interest in Seemann Truck and Trailer profit-sharing plan; and his interest in Seemann Enterprises, Inc., a real estate holding company.

After a motion for new trial by the appellant, the district court granted the appellant alimony of $1,500 per month for 18 months, a total of $27,000, and temporary support of $2,000 per month pending appeal, for which the appellee was granted a credit against the property settlement. Finally, in an order nunc pro tunc, the district court ordered that in event of an appeal, the appellee was ordered to pay all fees and costs previously awarded. This appeal follows.

On appeal Mrs. Seemann assigns as error that her share of the marital estate was inadequate, that the alimony awarded was insufficient, that the court erred in granting the appellee a credit of sums paid as temporary support, and that the district court erred in ordering the appellant to pay child support. On cross-appeal Mr. Seemann alleges that the property settlement awarded the appellant was excessive, that it was error to award alimony, that the court erred in awarding the appellant interest on the $145,000 awarded in the settlement, that the attorney fees awarded were excessive, and that the court erred in ordering that the fees and costs awarded were payable pending appeal. We affirm.

Appellant's first assignment of error revolves around the division of the marital estate. Appellant argues that the district court incorrectly excluded certain assets from the marital estate, erred in its valuation of the assets, and unfairly divided the marital estate. The division of the marital estate is initially left to the sound discretion of the trial court and will be reviewed de novo on the record and affirmed absent an abuse of discretion. *Busekist v. Busekist*, 224 Neb. 510, 398 N.W.2d 722 (1987); *Taylor v. Taylor*, 222 Neb. 721, 386 N.W.2d 851 (1986). The issue will ultimately turn upon the question of the

reasonableness of the division in light of the circumstances and facts of the case. *Busekist, supra.* Neb. Rev. Stat. § 42-365 (Reissue 1984) sets out a series of factors to be taken into consideration in the division of the marital estate, including the duration of the marriage, the circumstances of the parties, and the history of contributions to the marriage made by each party. For the following reasons, we find this assignment of error to be without merit.

Appellant argues that certain assets were incorrectly excluded from the marital estate, thereby unfairly reducing her share of the estate. At trial each side presented evidence relevant to the issue of whether the assets in question should be included in the marital estate. When there is conflicting evidence, this court traditionally has given weight to the fact that the trial judge heard and saw the evidence and chose one version of the facts over another. *Bryan v. Bryan,* 222 Neb. 180, 382 N.W.2d 603 (1986). We find no abuse of discretion in the trial court's delineation of the marital estate. We also note that at trial the appellant agreed that one of the assets at issue was not properly included in the marital estate.

Mrs. Seemann also argues that the court incorrectly accepted the valuation of the couple's marital assets presented by the appellee's accountant as opposed to the valuation prepared by her accountant. Although the record does not reveal exactly which valuation the court accepted, again the trial judge heard and saw all of the evidence, and, in accordance with our earlier statement, we give weight to his decision. We can find no abuse of discretion. From a careful review of the record we cannot say that the division or delineation of the marital estate was unreasonable, and find this assignment of error to be without merit.

Appellant's next three assignments of error are argued together, and we have unraveled the arguments as best we can. Mrs. Seemann assigns as error that the alimony awarded was insufficient. As stated above, Mrs. Seemann was awarded $1,500 per month for a period of 18 months, a total of $27,000. Considering the facts and circumstances of this case, we note that Mrs. Seemann is trained as a radio and television broadcaster as well as having extensive experience as a manager

of a women's retail clothing store, although she is still unemployed. The property settlement is generous; the appellant will be receiving installments of the $145,000 for 6 years at 10 percent interest per annum. Although the appellant has been ordered to pay $150 per month in child support and she will have substantial fees from the proceedings, for which she has been given a significant sum, we are aware of no other indebtedness. We can find no abuse of discretion in this award of alimony, and find the award of alimony reasonable in light of the facts and circumstances of this case. *Gale v. Gale*, 224 Neb. 803, 401 N.W.2d 501 (1987).

Appellant next assigns as error that the trial court erred in granting Mr. Seemann a credit against the property settlement for sums paid as support pending appeal. Appellant argues that the credit unfairly reduces the property settlement. We disagree. Unless the lower court credited the appellee for the sums paid to Mrs. Seemann as temporary support, she would receive a windfall—the entire property settlement as well as the sums paid as temporary support. Credits for temporary allowances have been upheld by this court on prior occasions. *Berigan v. Berigan*, 194 Neb. 185, 231 N.W.2d 131 (1975); *Badberg v. Badberg*, 193 Neb. 844, 229 N.W.2d 552 (1975). We find no abuse of discretion in the actions of the lower court.

Mrs. Seemann's final assignment of error contends that the court abused its discretion in ordering her to pay $150 per month in child support. As stated above, the appellee was granted custody of the couple's minor son. In view of the facts and circumstances of this case and the costs of raising a child, $150 per month is a minimal amount for the appellant to contribute to the support of her child. We do not agree that the trial judge abused his discretion in ordering the payment of an unreasonably high amount of child support. *Grace v. Grace*, 221 Neb. 695, 380 N.W.2d 280 (1986); *Lainson v. Lainson*, 219 Neb. 170, 362 N.W.2d 53 (1985).

On cross-appeal the appellee contends that the award of property to the appellant was excessive and that no alimony should have been awarded. Mr. Seemann argues that certain assets were incorrectly included in the marital estate. As we have already stated, we can find no abuse of discretion in the

trial court's delineation of the marital estate, the division of assets, nor in its award of alimony. We need not further discuss these assignments of error.

Appellee's third assignment of error on cross-appeal contends that the district court erred in ordering that interest be payable upon the installments of the $145,000 awarded the appellant as part of the division of the marital assets. Awards of interest due upon the property settlements ordered by the courts of this State have been upheld previously upon appellate review. We note that it is within the discretionary powers of the district court to award the payment of interest, and we do not see an abuse of discretion in this instance. *Kullbom v. Kullbom*, 215 Neb. 148, 337 N.W.2d 731 (1983). As we have already upheld the division of property in this case, we need not further address this issue.

Mr. Seemann's fourth assignment of error on cross-appeal contends that the district court awarded an unreasonably high amount of attorney fees and costs to the appellant. The costs of these proceedings have been substantial and are well documented in the record. While the award is ample, it does not completely cover the costs of the appellant, who will be left with not insignificant expenses when these proceedings are concluded. We find no abuse of discretion after a careful review of the record. *Rinderknecht v. Rinderknecht*, 204 Neb. 648, 284 N.W.2d 569 (1979).

The appellee's fifth and final assignment of error on cross-appeal alleges that the lower court abused its discretion by requiring that the fees and costs awarded the appellant be paid immediately. We have already stated that the award of attorney fees and costs was not an abuse of discretion, and therefore we need not discuss this fifth and final assignment of error.

AFFIRMED.