IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

PASCHALL V. PASCHALL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JANE K. PASCHALL, APPELLEE AND CROSS-APPELLANT,
V.
DAVID D. PASCHALL, APPELLANT AND CROSS-APPELLEE.

Filed July 16, 2013.    No. A-12-668.

Appeal from the District Court for Hitchcock County: DAVID URBOM, Judge. Affirmed as modified.

Terrance O. Waite and Monelle M. Beal, of Waite, McWha & Heng, for appellant.

Maurice A. Green, of Green Law Offices, P.C., for appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

MOORE, Judge.

David D. Paschall appeals from the decree of dissolution entered by the district court for Hitchcock County. Jane K. Paschall cross-appeals. At issue in this appeal are the district court's alimony award and property division. For the reasons set forth below, we do not find error in the district court's alimony award. Further, we affirm, as modified, the district court's property division.

## I. FACTUAL BACKGROUND

David and Jane were married on August 28, 1977, in North Platte, Nebraska. Two children were born of this marriage, but neither was a minor at the time of trial. On February 17, 2011, Jane filed a complaint for dissolution of marriage, and on March 8, David filed an answer to Jane's complaint. The court entered a temporary order on March 15 which required David to pay Jane alimony in the amount of $800 per month beginning April 1, 2011.

Trial was held on May 3, 2012. The fundamental issues at trial were the amount of alimony due to Jane and the valuations of personal property. Both parties submitted evidence regarding these issues.

Jane was 57 years old at the time of the trial. Although Jane was a stay-at-home mother caring for their children while they were young, she has considerable employment experience. For the past 15 years, Jane has been employed at Southwest Nebraska Physical Therapy as a physical therapy technician. Prior to this position, Jane worked for 3 years at Community Hospital and 9 years at the McCook YMCA.

At the time of trial, David was 58 years old and had spent his entire career working in the oilfields. At the time of these divorce proceedings, David was employed as a "roustabout-working foreman" at a large oil drilling business that operates in the Midwest region. David testified that this type of work involved strenuous physical labor which he claims has caused him to suffer a number of physical ailments, including a wrist injury, partial amputation of a finger, osteoarthritis in his left shoulder and knee, and hearing loss. David testified that because of the physically demanding nature of his job, he is planning to retire at age 62.

The parties submitted a joint property statement into evidence. This statement contained a list of the parties' marital assets which were to be divided by the court. Each party also claimed certain property to be nonmarital property exempt from this division. Although David and Jane jointly prepared this statement, their testimony revealed some disagreement as to the values of various items on the statement.

The district court entered a decree of dissolution on June 1, 2012. The court divided the parties' marital assets and ordered David to pay Jane a $45,000 equalization payment. David was also ordered to pay $1,000 per month in alimony for a total of 84 months. The court determined that each party was responsible to pay his or her own attorney fees and costs.

Subsequent to the decree, Jane filed a motion to alter or amend the judgment and David filed a motion for a new trial. In her motion, Jane requested that the court modify the decree to require David to continue to provide her health insurance benefits for 6 months following the entry of the decree. In its June 20, 2012, order, the court granted Jane's motion and partially granted David's motion for new trial. In partially granting David's motion, the court reduced the amount of alimony to $800 per month for 84 months. David appeals and Jane cross-appeals from these orders.

## II. ASSIGNMENTS OF ERROR

On appeal, David assigns three errors. He asserts, restated, that the district court erred in awarding Jane alimony in the amount of $800 per month, in extending the alimony award for a period of 84 months, and in failing to make an award of certain assets of the marital estate.

On cross-appeal, Jane argues that the district court arbitrarily reduced the alimony award to $800 per month without justification or good cause.

## III. STANDARD OF REVIEW

In an action for the dissolution of marriage, an appellate court reviews de novo on the record the trial court's determinations of custody, child support, property division, alimony, and attorney fees; these determinations, however, are initially entrusted to the trial court's discretion and will normally be affirmed absent an abuse of discretion. *Keig v. Keig*, 20 Neb. App. 362, 826 N.W.2d 879 (2012).

An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

When evidence is in conflict, an appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id*.

## IV. ANALYSIS

### 1. DAVID'S APPEAL

### (a) Amount of Alimony

David contends the district court erred when it awarded Jane alimony in the amount of $800. To summarize David's arguments, he asserts that the alimony award is an abuse of discretion because the award does not take into account that Jane managed the couple's finances during the marriage, the award is in excess of Jane's actual needs, and the award is in excess of his earning capacity. David argues that his alimony payment should be no greater than $319 per month, which he asserts is the difference between Jane's monthly income and expenses.

In awarding alimony, a court should consider the factors set forth in Neb. Rev. Stat. § 42-365 (Reissue 2008). This section provides in pertinent part:

> When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party.

Along with these specific criteria, a court is to consider the income and earning capacity of each party as well as the general equities of each situation. *Finley-Swanson v. Swanson*, 20 Neb. App. 316, 823 N.W.2d 697 (2012).

Alimony should not be used to equalize the incomes of the parties or to punish one of the parties. *Patton v. Patton*, 20 Neb. App. 51, 818 N.W.2d 624 (2012). However, disparity in income or potential income may partially justify an award of alimony. In determining whether alimony should be awarded, in what amount, and over what period of time, the ultimate criterion is one of reasonableness. *Id*.

David and Jane were married for over 34 years. Our review of the record reveals that David has earned a considerably higher income than Jane throughout this marriage. As of 2011, David was earning a net monthly income of approximately $4,936, while Jane earned approximately $2,133 monthly. In addition, Jane did not work while the couple's children were young; instead, she remained at home caring for the children. After division of the marital estate and the equalization award to Jane, David received a net award that was approximately $5,000 more than Jane's award.

We find David's arguments against the $800 alimony award to be unpersuasive. First, there is no evidence in the record which would suggest that Jane hid any money or accounts from

David while she managed the family finances. This allegation is unfounded and further is not relevant to the award of future alimony. Second, David's assertion that Jane should only be awarded $319 in alimony based upon her shortfall in income ignores Nebraska case law. As this court recognized in *Titus v. Titus*, 19 Neb. App. 751, 811 N.W.2d 318 (2012), while need is certainly a factor in analyzing alimony, it is only one of several factors that our analysis comprises. An alimony award is based upon consideration of a variety of factors, including the relative economic circumstances, the disparity in the parties' incomes and earning capacities, and the general equities of the case. *Id.* See, also, § 42-365; *Finley-Swanson, supra*. Finally, we find no support in the record for David's contention that the alimony award is in excess of his current earning capacity.

When reviewing an alimony award, an appellate court does not determine whether it would have awarded the same amount of alimony as did the trial court, but considers whether the trial court's award is untenable such as to deprive a party of a substantial right or just result. *Jensen v. Jensen*, 20 Neb. App. 167, 820 N.W.2d 309 (2012). Our review of the facts in this case in light of the factors involved in an alimony award leads us to conclude that the district court did not abuse its discretion when it awarded Jane alimony in the amount of $800 per month.

### (b) Duration of Alimony

David also contends that the district court erred when it awarded Jane alimony for a period of 84 months. He argues that the duration of this alimony award will force him either to continue working beyond his planned retirement age of 62 or to use his retirement benefits awarded to him in the division of property to pay his alimony obligation. David argues that either option leads to an unjust result.

In his brief, David contends that our decision in *Kramer v. Kramer*, 1 Neb. App. 641, 510 N.W.2d 351 (1993), should determine the outcome in this case. David focuses on the fact that the *Kramer* court only awarded alimony until the parties reached age 62. However, this reliance on *Kramer* for the proposition that alimony should not be awarded after the obligor reaches 62 years of age is improper.

In *Kramer*, we modified a district court's decree that originally awarded alimony in the amount of $1,200 per month for 1 year followed by $900 per month until the death of either party or the wife's remarriage. Finding that this award could essentially be a lifetime award, we determined that it was not appropriate for the circumstances of that case. Therefore, we modified the alimony award to terminate after a maximum of 15 years. In revising the alimony award, we noted that unless the alimony award terminated by the death of either party or the wife's remarriage, the parties would be 62 years of age after the 15-year period. *Id*. Thus, our decision was not that alimony could never be awarded beyond age 62, but, rather, that the original alimony award in that case was unreasonable due to its indefinite duration.

In the present case, the district court's alimony award extends for 84 months or until the death of either party or Jane's remarriage. If this award remains in effect for the entire 84 months, David will be 65 years of age and Jane 64 years of age. David contends that he will have to postpone his planned retirement or use his retirement savings in order to be able to satisfy his alimony obligation. However, this argument is merely speculative at this time. At trial, David was employed on a full-time basis. There is no evidence in the record that David has missed any

significant time from work due to his physical ailments and no medical evidence that he is unable to continue working. Nor has David taken any affirmative steps to retire. As has been held in previous cases, the approved course of action is to leave an alimony award in force until further order of the district court. See, *Gale v. Gale*, 224 Neb. 803, 401 N.W.2d 501 (1987); *Titus v. Titus*, 19 Neb. App. 751, 811 N.W.2d 318 (2012). In this way, should David choose or be required to retire before age 65, he may seek a modification to his alimony obligation in the event he experiences a change in circumstances.

While we reject David's argument that the duration of alimony should be reduced, we find that in the event a motion to modify based upon David's need to retire before age 65 is filed, such a change shall not be deemed a change that was contemplated or anticipated by the parties at the time of the decree. See *Titus, supra*.

### (c) Property Division

In his final assignment of error, David contends that the district court did not properly divide the parties' marital assets. Specifically, David argues that the court failed to award two items: an oak dining room table with chairs and an antique trunk. He requests that this property be awarded in his favor.

Under § 42-365, the equitable division of property is a three-step process. The first step is to classify the parties' property as marital or nonmarital. The second step is to value the marital assets and marital liabilities of the parties. The third step is to calculate and divide the net marital estate between the parties in accordance with the principles contained in § 42-365. *Patton v. Patton*, 20 Neb. App. 51, 818 N.W.2d 624 (2012). Property which one party brings into the marriage is generally excluded from the marital estate. *Gress v. Gress*, 271 Neb. 122, 710 N.W.2d 318 (2006).

Although the division of property is not subject to a precise mathematical formula, the general rule is to award a spouse one-third to one-half of the marital estate, the polestar being fairness and reasonableness determined by the facts of each case. *Pohlmann v. Pohlmann*, 20 Neb. App. 290, 829 N.W.2d 63 (2012).

We conclude that David's arguments are without merit. First, the district court's decree reveals that the antique trunk was awarded to Jane as premarital property. This award conformed to the evidence presented at trial. Second, although the district court appeared to have overlooked the award of the dining room table and chairs in its decree, the record shows that this property is in Jane's possession, and we conclude that it should be awarded to Jane. The parties' joint property statement shows that they disagree on the value of this table and chair set. Jane testified at trial that she and David originally purchased this set for $3,000 and that it was now 8 years old. Jane valued this set at $500, while David used the original $3,000 purchase price as his valuation.

As noted above, David has received over half of the marital estate. Allowing Jane to retain possession of this dining room table and chairs, regardless of which party's valuation we accept, results in both parties receiving approximately half of the marital estate. This is in line with the general equities of this case. Therefore, we modify the district court's decree to award Jane the oak dining room table and chairs.

## 2. JANE'S CROSS-APPEAL

Jane argues that the district court erred when it reduced the alimony award from $1,000 per month to $800. She contends that the court did not have a valid reason to justify this reduction.

Having already concluded that the district court's award of alimony was not an abuse of discretion, we need not devote significant discussion to this assigned error. As explained above, an appellate court does not review an alimony award to determine whether it would have awarded the same amount, but determines whether a party has been deprived of a substantial right or just result. *Jensen v. Jensen*, 20 Neb. App. 167, 820 N.W.2d 309 (2012). The record shows that at trial, Jane requested that she be awarded $800 in monthly alimony until David reached 66 years of age. Having reviewed the facts of this case in light of the considerations pertinent to an alimony award, we find that the district court did not abuse its discretion when it reduced the award from $1,000 to $800 per month after considering David's motion for a new trial.

## V. CONCLUSION

The district court did not abuse its discretion when it awarded Jane alimony in the amount of $800 per month for 84 months. Based upon the equities of this case, we modify the district court's decree to award Jane the oak dining room table and chairs. In all other respects, we affirm the district court's decree.

AFFIRMED AS MODIFIED.